# CHARLESTON.

HYSELL v. STERLING COAL & MANUFACTURING CO.

Submitted January 16, 1899—Decided April 1, 1899.

1. APPEAL—*Review on Appeal—Finding of Court*

   The finding of a circuit court as to facts submitted to it in lieu of a jury will be given the same weight in this Court as the verdict of a jury, and will not be disturbed unless the evidence plainly and decidedly preponderates against it. All doubtful questions will be resolved in its favor. (p 160).

2. APPEAL—*Review on Appeal—Demurrer to Evidence—Finding of Court.*

   Judgments on the verdict of a jury, on demurrer to evidence in favor of the demurree and the finding of a circuit court in lieu of a jury waived, are governed by the same principles, and entitled to equal respect in this Court, and they will not be reversed unless they are plainly contrary to the decided preponderance of the evidence. (p. 159, 160).

3. QUANTUM MERUIT—*Contracts*

   A mechanic who contracts to put a tin roof on a dwelling house at so much per square, if such house is consumed by fire before such roof is completed, without his fault, is entitled to recover on *quantum meruit* for the work done under the contract. Such a contract is not one of risk or hazard, and the contractor is not an insurer of the property against destruction from fire, storms, or other causes. (p. 161, 162).

Error to Circuit Court, Mason County.

Action by Sardine M. Hysell against the Sterling Coal & Manufacturing Company. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

H. R. HOWARD, for plaintiff in error.
JOHN U. MYERS, for defendant in error.

Dent, President:

In the case of Sardine M. Hysell, plaintiff, against the Sterling Coal & Manufacturing Company, defendant, from the circuit court of Mason County,—being a writ of error from a judgment virtually in affirmance of the judgment of a justice on the verdict of a jury for the sum of two hundred and forty-seven dollars and fifty cents,—the defendant relies on two objections to the judgment, to-wit:    (1). The building was damaged through the negligence of appellee's employe and servant; (2) the contract was an entire one, and the work was incomplete when the building was destroyed, and which destruction was without fault of the appellant, and therefore the appellee was not entitled to recover." These are given in the language of defendant s counsel. The first is a disputed question of fact, depending on the evidence. The plaintiff was employed to roof a dwelling house belonging to the defendant, at the rate of five dollars per square, completed by painting. When the work was almost done, and while plaintiff's man was working thereon, the house caught fire and was entirely destroyed. There is some evidence tending to show that the fire was occasioned by the overturning of the tinner's charcoal furnace or firepot by a strong gust of wind. The man in charge of the work gathered up the furnace and all the charcoal he could find, but it is certainly within the bounds of probability that some of the charcoal may have been carried by the wind or fallen into crevices through the exposed roof, and, after smouldering awhile, burst into a consuming fire. This, however, is a mere matter of conjecture; and the jury, the justice, and the circuit court heard the evidence presented to them, and have absolved the plaintiff from the charge of negligence. In the case of *Lewis* v. *Alkire*, 32 W. Va. 504, (9 S. E. 890), it is held that: "Where a case is tried by the court in lieu of a jury, the appellate court must regard the case as upon a demurrer to the evidence." *Board* v. *Parsons*, 24 W. Va. 551; *Black* v. *Thomas*, 21 W. Va. 709; *Claflin* v. *Steenbock*, 18 Grat. 842. In the case of *Garrett* v. *Ramsey*, 26 W. Va. 345: "The evidence on a demurrer to evidence must be interpreted most benignly in favor of the demuree, so that he may have all the benefit which might have resulted

from the decision of the case by a jury, the proper forum, from which the decision has been withdrawn by the demurrant." "A verdict ought not to be set aside by this Court as contrary to the evidence, where the evidence is conflicting, unless it manifestly appears plainly against the clear and decided preponderance of evidence." *Gilmer* v. *Sidenstricker*, 42 W. Va. 52, (24 S. E. 566); *Akers* v. *De-Witt*, 41 W. Va. 229, (23 S. E. 669); *Johnson* v. *Burns*, 39 W. Va. 658, (20 S. E. 686). On a demurrer to evidence the same rule is established. *Talbott* v. *Railway Co.*, 24 W. Va. 560, (26 S. E. 311); *Maple* v. *John*, 42 W. Va. 30, (24 S. E. 608). "If the evidence is such that, if there were a verdict in favor of the demuree, the court ought not to set it aside, then, on the demurrer to the evidence, the court ought to give judgment against the demurrant." *Gunn* v. *Railroad Co.*, 42 W. Va. 681, (26 S. E. 546). From these authorities it is clear that a demurrer to evidence, in so far as the demuree is concerned, and a motion to set aside the verdict of a jury as contrary to the evidence, rest on precisely the same principles; and the same may be said of the judgment of the circuit court, to whom the facts are submitted in lieu of a jury. In either case the evidence must plainly preponderate against the conclusion reached, or the same will not be disturbed. By submitting the issue to the circuit court, a jury was waived.; and the finding of the court on the facts takes the place of a verdict, and must be regarded in this Court as of equal weight. Such being the law, this Court cannot disturb the judgment for the negligence alleged; for that question is conclusively put to rest by the finding of the circuit court. This Court cannot say that the evidence plainly preponderates against such finding, but it is a matter left wholly to inferences, about which reasonable men might differ.

The first point being settled in favor of the plaintiff renders the second point maintained by the defendant equally untenable. The building having been destroyed without negligence on the part of the plaintiff, he is entitled to recover on a *quantum meruit* for work and labor performed and material furnished. And this because, being prevented by no fault of his own from completing the contract, he has the right to treat it as rescinded. 7 Am. &

Eng. Enc. Law (2d Ed.) 152. The suit is therefore not on the contract, but as though there was none but an implied contract to pay what the services rendered were reasonably worth. The recission is the fault of the defendant, in not making it possible for the plaintiff to carry out or complete his contract, and it is not excused therefrom by reason of the building being consumed by fire. In 10 Am. & Eng. Enc. Law, 178, the law is stated to be: "It a contract be made to do work on a building already in existence, whether by way of repairs or alteration, o r for work which only forms a part of a new building, the destruction of the building before completion excuses the contractor from the performance of his contract, and he is entitled to the value of any work that may have been done at the time of the destruction." Especially has this been held to be the law where the owner has the building insured for his benefit. *Cook* v. *McCabe*, 53 Wis. 250, (10 N. W. 507). Entire contracts are divisible into two classes—,those in which the risk of completion is assumed, and those in which it is not. In the former the contractor is to some extent an insurer, and in fixing compensation he takes into account the risks to be encountered, while in the latter nothing is had in contemplation but a fair compensation for the material furnished and labor performed, without regard to attendant risks. If in the present case the building had been in dangerous proximity to fire, and liable to be consumed at any time, and the plaintiff had been aware of this, and agreed, for a given price, more than the ordinary charge for such work, to assume the risk and put on the roof, he could not recover. The law relied on by defendant applies in such case but not the one under consideration. *Cuthbert* v. *Kuhn*, 31 Am. Dec. 518; *Winstead* v. *Reid*, 57 Am. Dec. 571. This case is fully covered and governed by *Clark* v. *Franklin*, 34 Va., where it is held that: "Upon one entire contract to perform carpenter's work, the carpenter is entitled to recover the price of the work actually done, though the whole is not completed, if the employer either prevents him from completing the whole, or refuses to permit him to complete it except on such conditions as he has no right to impose. And, if the work partly done is destroyed by accident or

act of God,—much more, in consequence of the employer's own negligence,—the employer has no right to insist that the carpenter shall bear the loss." On page 9 Judge Tucker says: "That there was an express contract or engagement on the part of Franklin to take the hazard of destruction by fire or tempest is not pretended. Was such engagement implied? I think not. If the builder had undertaken to furnish the materials and to build the house, out and out, for a gross or lumping sum, there might be more reason for the suggestion that this was a contract of hazard. We might suspect that the gross sum agreed for covered, perhaps, the hazard which the builder might be supposed to have taken upon himself from the form of the contract. But here is a contract by the measurement,—by the piece; a contract for the mere compensation usually allowed for labor and skill bestowed. There is no room to imply that a premium was given for the risk, and therefore there is no room to imply insurance or agreement to abide the risk. If we could imply it, the hazard, instead of diminishing, would increase, possibly in the ratio that the builder had fulfilled his undertaking; for he would be liable until the last nail was driven into the building, and this, too, without receiving any consideration for the implied contract of assurance." This very language applies to the case under consideration. The plaintiff agreed to put a tin roof on defendant's house at five dollars per square. As the work progressed, it became the defendant's property. Every square of tin, as it was laid and soldered, became a fixed part of the building,—by the skill and industry of the workman, ceased to be the property of the plaintiff, and became exclusively the defendant's. When the house burned, the roof, which as a part of it, in so far as completed, burned with it. It belonged to him, and the owner must bear the loss. The plaintiff was not an insurer, and received nothing for the risks; but the evidence shows that the defendant had the building, including the roof, insured for its benefit. Why, then, should it make the mechanic lose his labor and material, for which it receives pay from the insurance company?

The conclusion reached renders it unnecessary to consider the numerous points raised by plaintiff's counsel in his

voluminous brief, but he can preserve them for some other case, in which they may be needed. *Carskadon* v. *Minke*, 26 W. Va. 729. The judgment appears to be plainly right, and is affirmed.

*Affirmed.*