# CHARLESTON.

KENOVA TRANSFER CO. v. THE M. R. C. C. & C. CO.

Submitted June 3, 1904—Decided December 20, 1904.

1.   MISTAKE—*When no Defense to Action at Law.*
     In a suit at law for the possession of personal property, pur-
     chased under a written contract, the evidence of the defense
     shows a mistake on the part of the defendant as to the identity
     of the property sold, yet the defendant makes no offer to place
     the plaintiff in *statu quo*, but relies wholly on the defense of
     no sale, the court cannot do otherwise than render a judgment
     in accordance with the plain preponderance of the evidence.
     (p. 547).

Error to Circuit Court, Wayne County.

Action by the Kenova Transfer Company against the Monon-
gahela River Consolidated Coal & Coke Company. Judgment
for plaintiff, and defendant brings error.

*Affirmed.*

CAMPBELL, HOLT & DUNCAN, for plaintiff in error.

W. W. MARCUM and SIMMS & ENSLOW, for defendant in error.

DENT, JUDGE:

Writ of error of the Monongahela River Consolidated Coal & Coke Company, defendant, to the judgment of the circuit court of Wayne county in favor of the Kenova Transfer Company, plaintiff, for the possession of a white pine barge or fuel flat, or in lieu thereof the sum of one thousand dollars.

The facts are as follows, to-wit:

On the 18th day of January, 1902, the agent of the plaintiff, F. R. Peck, entered into the following contract with S. D. Swaney, agent of the defendant:

"Kenova, W. Va., January 18th, 1902. The Monongahela River Cons. C. & C. Co. hereby sell to the Kenova Transfer Co., of Kenova, W. Va., two wrecks of coal boats, together with their contents, and all the coal that may have come out of said wrecks, lying on the bed of the river within a radius of 200 feet from each piece, located about 500 to 700 feet below the Kenova bridge, near the West Virginia shore.

"Also all pieces of wrecks not mentioned above lying in the Ohio river, from a point 100 feet below the Kenova bridge to Virginia Point. All as lost by the steamer 'Fred Wilson,' Dec. 30th, 1901.

"In consideration of which the said Kenova Transfer Company hereby agrees to pay to the said Monongahela River Consolidated Coal & Coke Company the sum of fifty dollars ($50.00), receipt of which is hereby acknowledged.

                    "Signed, M. R. C. C. & C. Co.,
                        "Per S. D. SWANEY,
                        "Master Str. FRED WILSON."

Under this contract the plaintiff raised, brought to the shore and repaired the fuel flat in controversy, claiming the same as covered thereby. The defendant then seized and carried the same away. The plaintiff sued and recovered judgment, and the defendant complains thereof. The question raised depends entirely upon the evidence. The plaintiff proves by a strong preponderance of the testimony that the fuel flat is one of the wrecks named in the contract and purchased by it, and it is almost clear on the defendant's behalf that defendant's agent,

when he sold the fuel flat, thought it to be an ordinary coal barge, it then being covered by water, and that he did not intend to sell it if it were the fuel flat. It is a case of mistaken identity as to the property sold. The mistake from the evidence, which it is wholly unnecessary to set out in full, was on the part of the defendant, and had it sought to have had the contract rescinded, and offered to place the plaintiff in *statu quo,* it might have furnished a good defense to plaintiff's suit. In total disregard of plaintiff's rights, it determined to arbitrarily settle the controversy by an unlawful seizure of the fuel flat. 24 Am. & En. En. Law (2nd Ed.), 645. It now makes no offer to restore the plaintiff its money, or recompense it for raising and repairing the fuel flat, but stands purely on its legal rights. If there was any doubt as to the preponderance of the testimony, that doubt should be resolved in favor of the finding of the circuit court. *Hysell* v. *Sterling Coal & Manufacturing Co.,* 46 W. Va. 158. But the evidence furnishes no doubt either as to the fuel flat having been one of the wrecks purchased, nor as to $1,000.00 being the fair value therof, although there appears to have been a mistake on the part of defendant's agent against which this Court, under the circumstances, is powerless to afford relief.

The judgment is affirmed.

*Affirmed.*