**RUTLAND TRANSIT COMPANY,**
Plaintiff-Appellee,

v.

**CHICAGO TUNNEL TERMINAL COMPANY and Chicago Tunnel Terminal Corporation, Defendants-Appellants.**

**No. 11643.**

United States Court of Appeals
Seventh Circuit.

May 3, 1956.

Edward H. Hatton, Albert E. Jenner, Jr., Thomas P. Sullivan, Chicago, Ill., for appellants. Johnston, Thompson, Raymond, Mayer & Jenner, Chicago, Ill., of counsel.

Irwin I. Zatz, Sidney R. Zatz, Walter N. Kaufman, Chicago, Ill., for appellee. Arvey, Hodes & Mantynband, Chicago, Ill., of counsel.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff filed a complaint on January 27, 1955, in the District Court, alleging that defendants were delinquent in the payment of certain obligations due under a lease arrangement previously entered into between plaintiff and defendants. On October 11, 1955, a default judgment was entered in favor of plaintiff and against defendants in the amount of $35,891.66. On October 31, 1955, defendants, by their attorneys, filed a motion to vacate such default judgment along with the findings of fact and conclusions of law entered in connection therewith. At the same time, leave was sought to file instanter an answer to plaintiff's complaint, together with a motion for summary judgment and affidavits in support thereof. On November 7, 1955, the lower court denied the motion to vacate and leave to file the answer and the motion for summary judgment. From this order of denial defendants have appealed.

As a basis for reversal of the action of the lower court the defendants present the following issues for determination: (1) whether the failure of plaintiff to give a notice as required by Rule 55(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., render the default judgment a nullity, and (2) whether defendants established inadvertence and excusable neglect along with a meritorious defense sufficient to entitle them to relief under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.

While it is seriously argued that the default judgment was entered in violation of Rule 55(b) (2), we are of the view that under the facts and circumstances as hereinafter set forth this argument must fail. Rule 55(b) (2) provides in part as follows:

" * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * *"

It is to be noted that this provision requires that a written notice shall be served if a party has appeared in the action. As will be subsequently shown, it is doubtful whether the defendants made such an appearance as would bring them within the purview of this rule. We seriously doubt that such is the case but, in any event, we believe that the better view is that under facts and circumstances herein present the notice provision of this rule is to be considered as a procedural requirement rather than a substantive one. See United States v. Borchers, 2 Cir., 163 F.2d 347, 349, and United States ex rel. Knupfer v. Watkins, 2 Cir., 159 F.2d 675, 677. We think the reasoning of these cases is particularly applicable here for the sound reason that the defendants, almost from the time of the inception of this litigation until the day of the entry of the default judgment, indicated that they had no defense to the action, and at least one failure to enter a default judgment after the giving of notice was occasioned by defendants' assurance that they would interpose no defense.

Rule 55(c) of the Federal Rules of Civil Procedure provides in substance that a default judgment may be set aside in accordance with Rule 60(b), the pertinent provisions of which are as follows:

" * * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment."

In addition to the above provisions the courts have held that anyone

seeking to set aside a default judgment due to excusable neglect or inadvertence must also show that they have a meritorious defense which can be interposed. See Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244. This court has further held that a motion to vacate a judgment under 60(b) is addressed to the sound legal discretion of the court and an abuse of such discretion must be shown before denial of such motion will be overturned on appeal. See Jones v. Jones, 7 Cir., 217 F.2d 239, 241.

We are of the view that a recitation of the incidents leading up to the entry of default judgment will conclusively show that the defendants have not brought themselves within the provisions of Rule 60(b) and that the trial court exercised sound discretion in denying their motion.

As stated at the outset, plaintiff filed its complaint in the lower court on January 27, 1955. This complaint alleged that the defendants had defaulted in the terms of a lease agreement entered into between the parties and asked for a money judgment. A summons was served on the defendants on February 1, 1955. On February 8, 1955, the case was reached in the court of Judge John P. Barnes, on the call of civil cases. Some person who was unknown at that time, without announcing his name or any firm name, stated that the time for filing a responsive plea had not been reached and the court directed that the case would be placed on the passed case calendar.

Shortly thereafter, a Mr. John C. Richert, an attorney representing defendants, telephoned Mr. Sidney R. Zatz, one of plaintiff's attorneys, and requested an extension of time within which to file a pleading for defendants, which pleading was due February 21, 1955. At that time Mr. Richert admitted to Mr. Zatz that there was no defense to the action which had been filed by Zatz on behalf of plaintiff. On February 16, 1955, Mr. Richert wrote one William Henning Rubin who was the executive officer of the defendants, telling him of the action and the due date of any pleading and that there was no defense to the action. He further stated that Mr. Zatz would not agree to an extension of time and that Zatz intended to proceed to secure a summary judgment as soon as possible. This letter further informed Mr. Rubin that unless something was done a default judgment could not be prevented.

Mr. Zatz stated to Mr. Richert that the plaintiff would perhaps agree to a 30-day extension only if the defendants immediately paid the rentals which were delinquent and agreed to interpose no defense to the action, to which Mr. Richert acquiesced. The 30 days went by without an entry of appearance or any pleading being filed on behalf of defendants.

Late in the month of April, Mr. Zatz notified Mr. Richert of his intention to apply on behalf of plaintiff for default judgment. He further told Mr. Richert that the April 1955 rental had not been paid. Mr. Richert stated that he would talk to his clients, and afterwards had several telephone conversations with Mr. Zatz relative to the matter. Defendants still did not pay or agree to pay any delinquent rental. Mr. Richert told Mr. Zatz that he, Zatz, had been very patient; he further stated that he, Richert, had kept his client informed as to the status of the litigation and that he could not get his client to do anything more.

Thereafter, on May 17, an associate of Sidney R. Zatz, Mr. Irwin I. Zatz, filed in the District Court an affidavit for entry of default against the defendants. The Clerk of the District Court entered the default on May 17, 1955. On the same day on which the default was entered by the Clerk, Sidney R. Zatz served notice of motion for the entry of a default judgment upon the legal firm of Schuyler, Richert and Stough, of which John C. Richert was a member. Shortly after receipt of this notice, Mr. Richert telephoned Mr. Zatz and stated that William Rubin, executive officer of the defendants, was willing to pay the unpaid rentals then due if Zatz would delay 30 days

on the motion for judgment. To this Mr. Zatz agreed.

In July 1955, Rubin, who was also an attorney duly licensed to practice before the trial court, requested a meeting with the officers of plaintiff and such meeting was held on July 19, 1955. No agreement was reached at this meeting but, in the presence of Rubin, an officer of the plaintiff instructed Mr. Zatz to have judgment entered on the default. On July 20, 1955, Rubin telephoned Zatz and asked him to withhold having judgment entered. Mr. Rubin told Zatz that he would pay the delinquent rental and would send payment of the August rental at the beginning of August. Rubin also promised to meet with Zatz the next week and work out an arrangement for the payment by installment of other delinquencies.

Since Rubin did not forward the rental check for August and did not make any effort toward arrangements for paying the other delinquencies, Zatz on August 24, 1955 again served on Schuyler, Richert and Stough a notice of motion for the entry of default judgment. To this notice was attached a specific statement setting forth that the Clerk of the District Court had theretofore entered default on May 17, 1955. Again, after notice of this motion was served, Rubin telephoned Zatz and asked him to withhold entry of default judgment for 60 days. Upon certain representations of Rubin, Zatz agreed to withhold for 30 days the taking of default judgment.

On September 20, 1955, the case was called by the court and set down for "prove up" on October 3, 1955. Zatz telephoned Rubin on September 29, 1955, and advised him that this case had been set down for "prove up" on October 3, 1955. Rubin asked Zatz to continue it; Zatz stated that he would agree to a 30-day continuance but it was up to Rubin or his attorney to request this of the court. On October 3, 1955, Zatz proceeded *ex parte* with proof of his case.

Shortly thereafter Zatz telephoned Rubin and told him of the "prove up"; Rubin stated that he thought the hearing was to be October 20, 1955; Zatz agreed to go with Rubin before the court and explain the situation and, if the court were willing, to agree to a postponement of the entry of judgment for 30 days. Rubin agreed to do this. Accordingly, on October 11, 1955, Sidney R. Zatz, Irwin I. Zatz, William H. Rubin and John C. Richert met with Judge Barnes in his chambers. Sidney R. Zatz stated that he was willing that the judgment not be entered for 30 days; Rubin stated that he desired 60 days; the court stated that it would withhold entry of judgment until November 25, 1955, a period of 45 days. Mr. Zatz agreed to this but asked for the entry of findings of fact and conclusions of law, to which Rubin objected.

The meeting in chambers was adjourned at the court's direction and thereafter on the same day in open court, Mr. Irwin I. Zatz, Mr. John C. Richert and Mr. William H. Rubin, being present, this matter was called by the Clerk for entry of findings of fact and conclusions of law and judgment order. The record shows that Mr. Rubin and Mr. Richert objected to the entry of findings, conclusions and judgment; Rubin stated that he would like to have it put over until two o'clock that afternoon; the court reminded him that he had agreed to the entry of findings of fact and conclusions of law and had only requested a withholding of the entry of judgment. After further colloquy, during which no defense was suggested, the court entered not only the findings and conclusions but also the judgment. Thereafter, as above set forth, present and different counsel for defendants filed a motion October 31, 1955 to set aside the entry of this judgment, which motion was denied November 7, 1955.

■ We are of the opinion that plaintiff through its attorney was more than considerate of the rights of defendants. While we are of the view that there was no entry of appearance by defendants so as to bring them within the scope of the notice provisions of Rule 55(b) (2), we are further of the view that even though

it be thought otherwise, failure to give notice under the attending circumstances did not invalidate the judgment. More than that, there is no showing of inadvertence or excusable neglect on the part of defendants. Quite to the contrary, we think defendants were guilty of inexcusable neglect and were given every opportunity by plaintiff. Thus it is apparent that the District Court properly denied defendants' motion.

In view of our determination that defendants were guilty of inexcusable neglect, it becomes unnecessary to discuss the issue of a meritorious defense.

The order appealed from is

Affirmed.