**NEDERLANDSCHE HANDEL–MAAT-SCHAPPIJ, N. V.,** also known as Netherlands Trading Society, Plaintiff-Appellee,

v.

**JAY EMM, INC.,** and Satiris G. Fassoulis, Defendants-Appellants.

No. 183, Docket 27124.

United States Court of Appeals Second Circuit.

Argued Jan. 9, 1962.

Decided March 29, 1962.

Cir., 75 F.2d 326; Commissioner of Internal Revenue v. Stokes Estate, 3 Cir.,

William F. Hamilton, New York City, for defendants-appellants.

Morgan J. Burke, Jr., New York City (Robert Wang, Dorsey & Burke, New York City, on the brief), for plaintiff-appellee.

200 F.2d 637; Scott v. Commissioner, 14 TCM 1029.

Before LUMBARD, Chief Judge, and CLARK and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

The sole question presented is whether the district court abused its discretion in denying, on June 12, 1961, the motion of the appellants, under Rule 60(b) (1) and (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate the judgment taken against them by default on October 25, 1960. We find ample support for Judge Metzner's refusal to set aside the default.

The plaintiff, a Netherlands corporation, brought suit, under the diversity jurisdiction, in the Southern District of New York in November 1959 to enforce the guarantee of Satiris G. Fassoulis on nine promissory notes of Jay Emm, Inc. on which it had defaulted and which totalled $52,800. Jay Emm, Inc. had given the notes to the plaintiff in payment for 52,800 shares of the common stock of Lea Fabrics, Inc., and Fassoulis executed a written guarantee on the back of each of the notes which were due at monthly intervals commencing April 30, 1959.

On plaintiff's motion for summary judgment the defendants defaulted and judgment was entered against them in November 1960 for $58,089.08. It was not until after the judgment debtors had been examined in supplementary proceedings that they moved in March 1961 to vacate the default judgment and the supplementary proceedings.

The appellants rely on an affidavit of their former attorney, who claims that an arrangement was made with plaintiff's counsel that if he were allowed to obtain a default judgment he would use it only to establish plaintiff's loss for tax purposes, that he would make no attempt at collection, and that "arrangements could be made to purchase the judgment for some small amount of money." All of this is categorically denied by the plaintiff's attorney, who asserts that, having already stipulated to vacate an earlier default, he finally refused further adjournments, with this default the result.

■ Appellant urges two grounds on which he claims his motion should have been granted. He claims that the judgment should have been set aside under Rule 60(b) (1) for "mistake, inadvertence, surprise, or excusable neglect" because he did not personally consent to his attorney's failure to appear. We find his contention to be wholly frivolous.

■ Nor do we find error in the refusal to set the judgment aside under Rule 60(b) (3) as obtained by "fraud * * *, misrepresentation, or other misconduct of an adverse party." Judge Metzner's brief memorandum indicates that he believed the appellee's version of the facts, and we see no error in his rejection of the appellant's improbable version. In order to have a judgment set aside under this section, the fraud or misrepresentation alleged must be shown by clear and convincing evidence. Assmann v. Fleming, 159 F.2d 332, 336–37 (8th Cir. 1947); 7 Moore, Federal Practice ¶60.24[5]. Moreover, since relief under Rule 60(b) is essentially discretionary, we would be loath to substitute our judgment for that of the trial judge. Atchison, T. & S. F. Ry. v. Barrett, 246 F.2d 846 (9 Cir. 1957).

Affirmed