INTERCITY REALTY COMPANY, *a West Virginia corporation*

*v.*

AGNES GIBSON, *a/k/a* MRS. WILLIAM GIBSON *and* MRS. W. GIBSON

(No. 12863)

Submitted May 19, 1970.                    Decided July 7, 1970.

Concurring Opinion July 7, 1970.

*Steptoe & Johnson, Edward W. Eardley, Carl F. Stucky, Jr., Poffenbarger & Bowles, Martin C. Bowles,* for appellant.

*Campbell, Love, Woodroe & Kizer, George W. S. Grove, Jr.,* for appellee.

CAPLAN, JUDGE:

In this civil action instituted in the Circuit Court of Kanawha County, the plaintiff, Intercity Realty Company, a corporation, seeks to recover a sum of money alleged to be due from the defendant, Agnes Gibson, for certain work performed by it upon her dwelling house. In the circumstances hereinafter described the plaintiff obtained a default judgment which the defendant sought to set aside. Upon the refusal of the court to set aside said judgment the defendant prosecutes this appeal.

On October 31, 1963 the plaintiff entered into a written contract with the defendant, under the terms of which the plaintiff agreed to construct an addition to and to otherwise renovate a dwelling house belonging to the defendant. For this work the defendant agreed to pay to the plaintiff the sum of $6,750.00. Upon partial completion of the renovation and

construction, the defendant paid $3,000.00, after which a dispute arose between the parties as to the manner in which the work was being performed. The defendant, being dissatisfied, refused to pay the balance alleged by the plaintiff to be due it and this action was instituted.

It appears from the record that after the disagreement arose between the parties, but prior to the institution of this action, the plaintiff employed an attorney, Mario J. Palumbo, to represent it in this dispute and the defendant retained Homer W. Hanna, Jr. to represent her. These attorneys engaged in prolonged negotiations in an attempt to settle the dispute between the parties but were unsuccessful. Consequently, on February 26, 1966 the plaintiff instituted this action, the summons and complaint being served on the defendant on March 4, 1966. The failure of the defendant to file an answer to the complaint within twenty days as required by Rule 12(a) of the West Virginia Rules of Civil Procedure (R.C.P.) resulted in a default judgment for the plaintiff. Involved here is the propriety of the action of the trial court in refusing to set aside that judgment.

The trial court found, based upon the testimony of Mr. Hanna, Mr. Palumbo and their respective secretaries, that on March 23, 1966 Mr. Hanna contacted Mr. Palumbo by telephone and requested additional time in which to file an answer to the complaint. He gave as a reason for his request the fact that he was engaged in appealing a case from the Public Service Commission to the Supreme Court of Appeals. Mr. Palumbo replied that by reason of the long period of time that this case had been pending he could not in good conscience grant any extension of time without contacting his client. This he agreed to do. Mr. Palumbo testified that he talked to his client and that the request for an extension was refused.

The evidence is somewhat conflicting at this point but Mr. Palumbo testified that after his client had refused to grant an extension he tried unsuccessfully to contact Mr. Hanna. Finally, on March 28, 1966 he did make contact and told Mr. Hanna of his client's refusal. He further said, however, that

because he may have lulled Mr. Hanna into inaction by his promise to intercede with the plaintiff, he would agree, contrary to the direction of his client, to an extension of time in which to file his answer. Upon being asked how much additional time he needed, Mr. Hanna replied that he could have the answer ready on March 31, 1966. Mr. Palumbo then said that it would be satisfactory if the answer were placed in his hands by March 31. There was nothing in writing to substantiate this agreement but it is not disputed.

On April 1, 1966 Mr. Palumbo, not having received the answer, appeared before the Circuit Court of Kanawha County at the 9:30 a.m. motion hour and obtained a default judgment for his client against the defendant. Mr. Hanna, admitting that he did not file the answer on March 31, testified that on April 1, prior to the noon hour, his secretary, at his direction, personally delivered the answer and counterclaim of the defendant to Mr. Palumbo's office. When she was told that Mr. Palumbo was not there she left the papers with a secretary in the front office. This was substantially supported by the testimony of Mr. Hanna's secretary, although she did not know the date on which she delivered such papers. Mr. Palumbo testified and produced an office time book to support his testimony that he was in his office on March 31 from 8:00 A.M. to 12:00 noon and on April 1, 1966 from 8:30 A.M. to 11:00 A.M. and from 1:00 P.M. to 3:30 P.M. He knew of no papers delivered to his office from Mr. Hanna during the times that he was there.

Mr. Hanna testified that he could not get his answer prepared on March 31 and attempted to contact Mr. Palumbo, but was unsuccessful. He said that he did not learn of the default judgment until the following Monday, April 4, 1966, when he filed the subject answer and counterclaim in the office of the clerk of the circuit court. Thereafter, on April 5, 1966, Mr. Hanna, on behalf of the defendant, filed a motion to set aside the default judgment. Therein he alleged that the time to answer had not expired; that if such time had expired, he should be allowed to answer under Rule 60(b) (1) and (6), R.C.P.; that he had a meritorious defense to the claim asserted by the plaintiff; and that setting aside the judgment

by default would in no way prejudice the rights of the plaintiff. The plaintiff, contending that the motion did not state with particularity the grounds therefor, as required by Rule 7(b) (1), R.C.P., objected to the granting of said motion.

After the motion to set aside the judgment was filed counsel for the parties again entered into negotiations in an attempt to settle the dispute. After the passing of more than a year it became evident that the parties would not reach an agreement and counsel decided to proceed with a hearing on the motion. On June 31, 1967 the defendant offered for filing an amended and supplemental motion to set aside the judgment. The propriety of filing such amended motion was questioned and it was lodged but not filed in the clerk's office. The court decided that the motion to set aside could not be altered by amendment but stated that the merits of the motion would not be decided without a hearing.

Finally, on July 22, 1968, at the request of Mr. George W. S. Grove, Jr., then and now counsel for the plaintiff, a hearing was held, whereat, as aforesaid, both attorneys and their secretaries testified. Subsequently, the court made a finding which was embodied in the following language:

> "Weighing all of the equities in this case, considering the fact that the work claimed to have been done by the plaintiff was done in 1963 and 1964, that the case pended on negotiations for quite a period of time before suit was instituted, that counsel for the defendant had notice in plenty of time to file an answer or ask for an extension of time, that in fact counsel for the defendant did obtain one extension from counsel for plaintiff although this was against the express orders of the plaintiff, and in view of the fact that the testimony of Mr. Palumbo is better documented than is the testimony of Mr. Hanna, I am of opinion that I must overrule all grounds of the motion to set aside the default, and permit the judgment to stand."

The factual situation as set out in this opinion is in accordance with the findings of the trial court, based on testimony taken before it, much of which was conflicting.

The defendant contends that the court should have permitted her to file her amended motion to set aside the default

judgment. The amended motion, which is included in the record, purported to set forth reasons' why the judgment should be set aside. Inasmuch as the court heard this case on the merits of the motion and amended motion and considered all of the reasons set out therein, its refusal to permit the amended motion to be filed is immaterial.

It is further contended by the defendant that she should have been served with written notice of the application for default judgment at least three days prior to the hearing on such application, in accordance with the provisions of Rule 55(b), R.C.P. She takes the position that the requirements of Rule 55(b) were satisfied by the fact that her attorney had been negotiating with the plaintiff's attorney. That, she says, constitutes the appearance required by Rule 55(b). That rule, where pertinent, provides: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

In accordance with the requirements of Rule 55(b) (1), R.C.P., counsel for the plaintiff filed the necessary affidavit averring therein that the "defendant herein has failed to appear, answer or otherwise defend as to plaintiff's complaint." If the defendant had made an appearance as contended by her, she would have been entitled to the three-day notice. Otherwise, no such notice was required.

In *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491, relied upon by the defendant, the summons and complaint had been served upon the corporation. The president of the corporation wrote to the plaintiff's attorney acknowledging receipt of the summons and stated, "Our answer to this complaint is that the Summons was served in error since our Corporation was not chartered until November 2, 1956." The damages complained of had occurred on or about August 4, 1956. A default judgment was entered for the plaintiff and the defendant sought to have it set aside on the ground that it had made an appearance as required by Rule 55(b), F. R. Civ. P. The court set the default judgment aside, holding

that the summons and complaint had been served on a layman who had answered in accordance with the direction of the summons. The trial court in the instant case noted that the *Dalminter* case is clearly distinguishable. There, the summons was served on a layman, not a lawyer, who was not familiar with the rules requiring pleadings to be filed with the court or clerk. There, the defendant timely answered the complaint in accordance with the direction of the summons. We agree that this case is distinguishable from the *Dalminter* case and are of the opinion that the trial court was correct in ruling, in the circumstances of the instant case, that the defendant did not make an appearance within the purview of Rule 55(b) and was therefore not entitled to the notice prescribed therein. See *Rutland Transit Company v. Chicago Tunnel Terminal Company*, 233 F.2d 655.

It is clearly provided in our rules of civil procedure that a plaintiff may obtain a judgment by default when the defendant, against whom he has proceeded, fails to appear or otherwise defend. Rule 55, R.C.P. Such judgment becomes final and is enforceable unless set aside in accordance with the prescribed rules of procedure. Rule 55(c), R.C.P. provides: "A judgment by default may be set aside in accordance with Rule 60(b)." Unless the requirements of that rule are complied with the judgment will stand.

Rule 60(b), upon which the defendant relies, provides, where pertinent: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; * * * (6) any other reason justifying relief from the operation of the judgment." The defendant relies on "excusable neglect" contained in (1) and on the ground stated in (6). She urges and cites many cases in support of the proposition that courts frown on judgment by default. She asserts that an examination of the equities requires a trial of this case on its merits, that she has a meritorious defense to the action, that she acted promptly to set aside the default judgment and that her default was not wilful.

The assertions of the defendant, when justified by the facts and circumstances, reflect the law as accepted by most authorities. The principle is well founded that courts look with disfavor on judgments obtained by default. As stated in *Plumley v. May*, 140 W.Va. 889, 87 S.E.2d 282, "The law strongly favors an opportunity to a defendant to make defense to an action against him." However, it is equally well established that rules of procedure, formulated for the purpose of the orderly conduct of proceedings leading to the trial of a case, must be adhered to. Otherwise, such proceedings could not be orderly commenced or concluded. It follows, therefore, that, before a motion to set aside a default judgment will be granted, the movant must show good cause, as prescribed by Rule 60(b), R.C.P., for his failure to act in a timely manner. In the instant case the trial court found that the defendant failed to show such good cause.

It has long been settled by many decisions of this Court that the findings of fact made by a trial court may not be set aside on appeal unless such findings are clearly wrong. This principle was succinctly stated in Point 6 of the syllabus of *Daugherty v. Ellis*, 142 W.Va. 340, 97 S.E.2d 33, which reads as follows: "The finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." See *Moore v. Hamilton*, 151 W.Va. 784, 155 S.E.2d 877; *The State Road Commission v. Oakes*, 150 W.Va. 709, 149 S.E.2d 293; *Lewis v. Dils Motor Co.*, 148 W.Va. 515, 135 S.E.2d 597; *Green v. Henderson*, 136 W.Va. 329, 67 S.E.2d 554; and *Hysell v. Sterling Coal & Manufacturing Co.*, 46 W.Va. 158, 33 S.E. 95.

The defendant contends that her failure to timely file the answer was due to circumstances which constituted excusable neglect, a reason contained in Rule 60(b) (1) which would warrant the setting aside of the default judgment. In addition, she asserts that under (6) of Rule 60(b), equity requires the setting aside of this judgment. The court found no excusable neglect in the failure to comply with the rules of civil procedure; nor did it find from the evidence that equity would

best be served by setting aside the judgment. We are of the opinion that the evidence, though conflicting, does not plainly and decidedly preponderate against the findings of the trial court. Such findings, therefore, will not be disturbed on this appeal.

It is further well established that the exercise of judicial discretion will not be disturbed so as to reverse a judgment unless such discretion appears to have been abused. *Bice v. Boothsville Telephone Co.*, 62 W.Va. 521, 59 S.E. 501. Applying this principle to the case under consideration, it has been widely held that a motion to vacate a judgment under Rule 60(b) is addressed to the sound discretion of the court and that an abuse of such discretion must be shown before denial of the motion will be overturned on appeal. *Higgs v. Cunningham*, 71 W.Va. 674, 77 S.E. 273; *Rutland Transit Company v. Chicago Tunnel Terminal Company*, 233 F.2d 655; *Ledwith v. Storkan*, 2 F.R.D. 539; *Alopari v. O'Leary*, 154 F. Supp. 78; *Jones v. Jones*, 217 F.2d 239. See 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, Section 1323.

Noting that an appellate court should not substitute its discretion for that of a trial court, when the latter has not abused such discretion, the court, in *Brunner v. United States*, 190 F.2d 167, said: "Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed." See also *Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc.*, 301 F.2d 114, wherein the court said "since relief under Rule 60(b) is essentially discretionary, we would be loath to substitute our judgment for that of the trial judge." We find no abuse of discretion by the trial court in the instant case.

In view of the foregoing the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*

BERRY, JUDGE, concurring:

I concur in the decision of this case but I am of the opinion that under the provisions of Rule 12(a), R.C.P., it is mandatory that a defendant serve his answer within twenty days after the service of summons upon him unless before the expiration of the twenty days he files with the Court and serves upon the plaintiff a notice that he has a bona fide defense, and then, and only then, unless the provisions of Rule 6(b) are complied with, is he allowed to serve the answer in an extended time within thirty days after he was served with the summons. There is no exception to the provisions of the above Rule in the instant case and none of the provisions of Rule 60, R.C.P., is applicable under the facts in the case at bar.

The Rules of Civil Procedure adopted and in force in this State were made to be adhered to, and I am of the opinion that attorneys cannot alter or change by agreement the mandatory provisions of the Rules or make new Rules in conflict therewith. The agreement attempted to be made by the attorneys in this case to extend the time in which to serve the answer without complying with Rule 6(b), R.C.P., was an attempt to circumvent the Rules and is not sanctioned by the provisions thereof.