541 S.E.2d 608

**Robert D. DIEHL, Plaintiff Below, Appellee**

v.

**Georgianna B. LILLER, Defendant Below, Appellant.**

No. 27624.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 2000.

Decided Nov. 9, 2000.

V. Alan Riley, Keyser, for Appellant.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Mineral County entered on June 28, 1999. In that order, the circuit court denied a motion to set aside a default judgment entered against Georgianna B. Liller, the appellant and defendant below in a civil action filed by Robert Diehl, the appellee and plaintiff below. On appeal, Ms. Liller contends that the default judgment should be set aside pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. We disagree, and for the rea-

sons set forth below, affirm the final order of the circuit court.

## I.

On May 14, 1998, Mr. Diehl filed a complaint in the Circuit Court of Mineral County against Ms. Liller alleging that he had given her $9,500.00 for storage and safekeeping and that she now refused to return his money. Ms. Liller was served a copy of the complaint on July 23, 1998. Within a few days of receiving the compliant, Ms. Liller became ill and was hospitalized with severe pancytopenia, anemia, and bronchitis. Ms. Liller remained hospitalized for two weeks and was released on August 14, 1998.

According to Ms. Liller, due to her illness, she had no recollection of having been served with the complaint. Thus, she did not understand why she was later served with a Suggestion resulting from a default judgment entered against her on August 28, 1998. Finally, on September 13, 1998, Ms. Liller wrote letters to the circuit court, the sheriff of Mineral County, and the attorneys involved in this matter. Ms. Liller's letter to the circuit court was treated as a motion to set aside the default judgment, and a hearing on the motion was scheduled for December 15, 1998. Shortly before the hearing, Ms. Liller obtained counsel to represent her.

During the hearing on the motion to set aside the default judgment, Ms. Liller presented her medical records showing that she was ill and was hospitalized shortly after she was served with the complaint. The circuit court took the motion under advisement and ordered Ms. Liller to submit additional affidavits.

According to counsel for Ms. Liller, two affidavits were supplied to counsel for Mr. Diehl on January 28, 1999, three weeks after the date set by the circuit court. However, Mr. Diehl's counsel indicated that he did not receive the affidavits until April 1999. In any event, the circuit court denied the motion to set aside the default judgment on June 9, 1999, without any further hearing. This appeal followed.

## II.

The sole issue in this case is whether the circuit court erred by denying Ms. Liller's motion to set aside the default judgment entered against her on August 28, 1998. Pursuant to Rule 55(a) of the West Virginia Rules of Civil Procedure, a default judgment may be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" However, Rule 55(c) states that the court may set aside the default judgment "in accordance with Rule 60(b)." Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In Syllabus Point 3 of *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970), this Court held that: "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." This Court further held in Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979):

In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact

and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

In this case, Ms. Liller contends that her medical records show that she became ill and was hospitalized shortly after she was served with the complaint thereby establishing "excusable neglect" as set forth in Rule 60(b). However, the circuit court's final order states that the "the Defendant has not shown why she failed to act upon the Complaint herein, nor has she shown why she failed to act upon said Complaint in a timely manner[.]"

As discussed above, the record indicates that Ms. Liller's first response in this action was a letter written to the circuit court on September 13, 1998. The letter was treated as a motion to set aside the default judgment which had been entered on August 28, 1998. A hearing on the motion was scheduled for December 15, 1998.

Ms. Liller appeared at the hearing on December 15, 1998, with counsel. During the hearing, Ms. Liller, by counsel, introduced her medical records showing that she became ill and was hospitalized a week after she was served with the complaint. Ms. Liller stated that she was unable to find counsel and file an answer to the complaint before she was hospitalized. After she was hospitalized and for a brief period of time thereafter, she was not able to attend to her affairs. Consequently, the time period for responding to the complaint expired. When Ms. Liller finally realized that she needed to take action, she wrote the letter to the circuit court indicating that she did not agree with Mr. Diehl's allegations.

After considering Ms. Liller's argument and the response from Mr. Diehl's counsel requesting additional information, the circuit court stated:

No, I am not going to set the judgment aside today, but I'm going to give you until, being the time of the year and the month it is, until the end of the first week in January.... January the Eighth to send to me and to Mr. Rogers [Mr. Diehl's counsel] affidavits, an affidavit of the defendant stating the specificity, the reasons that Mr. Rogers is asking for as to why she failed to act in a timely manner, she, I want to know why she failed to act and why she failed to act timely, and you can attach anything you want and Mr. Rogers can have a week to answer that after you get it, and after I've received both of those and read them, I'll decide whether I'm going to set it aside or not[.]

The parties next appeared before the circuit court on June 9, 1999, for a status conference. At that time, Ms. Liller stated that she had filed the affidavits requested by the court on January 28, 1999, three weeks after the date specified by the court in the prior hearing. However, Mr. Diehl's counsel indicated that he had not received the affidavits until April. Thereafter, the circuit court denied Ms. Liller's motion to set aside the default judgment.

■ Given these circumstances, we do not find that the circuit court abused its discretion by denying the motion to set aside the default judgment. Not only did Ms. Liller fail to file a timely answer to the complaint in this case, she also failed to timely respond to the circuit court's request for additional information regarding why she failed to timely respond in the first instance. In *Hinerman v. Levin*, 172 W.Va. 777, 782, 310 S.E.2d 843, 848 (1983), this Court stated that "although this court is quite willing to review default judgments and to overturn them in cases where good cause is shown, a demonstration of such good cause is a necessary predicate to our overruling a lower court's exercise of discretion." Ms. Liller simply did not demonstrate "good cause" within the parameters set by the circuit court. Accordingly, the final order of the Circuit Court of Mineral County entered on June 28, 1999, is affirmed.

Affirmed.