# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Schlomo Dostekam,**
**Defendant Below, Petitioner**

**vs.) No. 21-0788** (Berkeley County CC-02-2019-C-128)

**Mishel Justice,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shlomo Dostekam appeals the Circuit Court of Berkeley County's September 3, 2021, order denying his motion to set aside default judgment against him to which Respondent Mishel Justice filed a response. [1] For the reasons set forth herein, we affirm the circuit court's order.

Respondent filed her complaint against Trucks on Call, Inc. ("TOC"), a Maryland Corporation, and petitioner, a resident of Maryland, personally and as the registered agent and officer of TOC, on March 26, 2019. [2] In that complaint, she alleged civil fraud against petitioner, asserting that petitioner had knowledge of and sanctioned the fraudulent business practices of TOC, as its sole proprietor and officer. As alleged in respondent's complaint, respondent contracted with TOC to move her possessions from a residence in Maryland to one in West Virginia for $700. However, once they arrived in West Virginia, agents and/or employees of TOC refused to unload respondent's possessions unless she paid $2,070, so she paid the increased price. She asserted in the complaint that some items were rendered useless by damage.

In October of 2019, respondent filed a motion for default judgment against petitioner and TOC after neither responded to her complaint. By order entered on November 13, 2019, the circuit court granted respondent default, denied her motion for default judgment, and set a hearing on damages. The circuit court determined that petitioner and TOC were properly served with a copy of the summons and complaint through the West Virginia Secretary of State's Office, though neither defendant filed an answer or written response to that complaint. During the December 16,

---

[1] Petitioner is represented by counsel Thomas W. White and William C. Brown III, and respondent is represented by Christian J. Riddell.

[2] Petitioner formed TOC as a close corporation in Maryland, and he is listed as the resident agent and director of the corporation, which elected not to have a board of directors.

2019, hearing on default judgment, respondent testified that she was contacted directly by petitioner several times regarding her negative internet review of TOC in order to get her to remove that review in exchange for the provision of TOC's insurance information so that she could make a damage claim. Thereafter, the court entered default judgment against petitioner and TOC and awarded damages in the amount of $65,825, plus interest, by order entered on December 31, 2019.[3]

Respondent filed a notice of foreign judgment in the Circuit Court of Montgomery County, Maryland, which was domesticated on June 22, 2020. Respondent's Maryland counsel sent two sets of discovery requests and letters in aid of satisfying the judgment to petitioner at the address listed on his driver's license and in the articles of incorporation, but petitioner did not respond. On November 30, 2020, respondent requested a writ of execution against petitioner and a levy on his real property located in Gaithersburg, Maryland. The Montgomery County court issued a writ of execution against that property on or about December 11, 2020, and the Montgomery County Sheriff levied against the property by posting the writ of execution on the property on that same date. Petitioner, making his first appearance in either action, filed a motion for release or to vacate the property levy on or about January 11, 2021, in the Circuit Court of Montgomery County. However, on April 15, 2021, that court denied petitioner's motion to release the property. Petitioner did not appeal the denial of the motion to release the property.

On June 17, 2021, petitioner filed a motion to set aside default judgment in the Circuit Court of Berkeley County.[4] During the hearing on petitioner's motion, his counsel did not challenge the service through the West Virginia Secretary of State's Office. According to the circuit court's resulting September 3, 2021, order, the only evidence petitioner submitted to support his motion to set aside default judgment was a redacted copy of his driver's license, the request for writ of execution filed in Montgomery County, and his motion for release of property from levy/garnishment filed in Montgomery County. The circuit court found that petitioner failed to address respondent's allegation against him that petitioner is the sole member and officer of TOC. It went on to note that the articles of incorporation support that allegation and show that petitioner is the resident agent for TOC. The circuit court determined that, taking the allegations of the complaint as true, as well as respondent's testimony during the hearing on damages, it is clear that respondent has raised sufficient allegations that the nonresident petitioner, both by his own actions and through those of his duly authorized agents, transacted business in West Virginia and caused tortious injury by an act or omission in this state when TOC's agents agreed to move respondent to West Virginia but then refused to give her her belongings in West Virginia until she paid the increased price. The circuit court specifically found that the long-arm statute properly confers personal jurisdiction over petitioner and, as his counsel agreed during the August 27, 2021, hearing, said service was properly perfected through the West Virginia Secretary of State's Office

---

[3] The award included $10,000 for aggravation and inconvenience and $50,000 in punitive damages.

[4] The circuit court found that TOC failed to appear at any stage of the proceedings and did not move to set aside the order granting default judgment.

on June 27, 2019.[5]

In addition, the circuit court noted that petitioner's motion to set aside default judgment was not timely filed. *See* Rule 60 of the West Virginia Rules of Civil Procedure and *Tudor's Biscuit World of America v. Critchley*, 229 W. Va. 396, 404, 729 S.E.2d 231, 239 (2012). After addressing the dates and the proper service, the circuit court determined that petitioner did not file his motion to set aside default judgment until approximately two years after service of the complaint by the Secretary of State's Office and almost eighteen months after the default judgment was entered. It held that such delay cannot be determined to be reasonable for the purpose of filing his motion pursuant to Rule 60(b)(4) of the West Virginia Rules of Civil Procedure. *See* Syl. Pt. 5, *Leslie Equip. Co. v. Wood Resources, Co., LLC*, 224 W. Va. 530, 687 S.E.2d 109 (2009). It, therefore, denied petitioner's motion to set aside default judgment, but it found that the stay of execution issued on September 1, 2021, shall remain in place pending this appeal. Petitioner appeals from the circuit court's September 3, 2021, order denying his motion to set aside default judgment.[6]

As this Court has repeatedly held,

> "'[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion.' Syl. Pt. 3, *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970) [*overruled on other grounds by Cales v. Wills,* 212 W.Va. 232, 569 S.E.2d 479 (2002)]." Syllabus point 6, *Games-Neely ex rel. West Virginia State Police v. Real*

---

[5] West Virginia Code § 56-3-33, the long-arm statute, provides, in relevant part:

(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7), inclusive, of this subsection shall be considered equivalent to an appointment by a nonresident of the Secretary of State, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from, or growing out of, such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state: (1) Transacting any business in this state; (2) Contracting to supply services or things in this state; . . .

[6] The circuit court also found that because petitioner failed to appeal the Montgomery County court's decision, he is now collaterally estopped from raising the same issue before the circuit court. It noted that petitioner chose his forum to litigate the validity of the judgment, lost, and cannot bring the same issue before the circuit court.

*Property,* 211 W.Va. 236, 565 S.E.2d 358 (2002).

Syl. Pt. 1, *Hardwood Group v. LaRocco,* 219 W.Va. 56, 631 S.E.2d 614 (2006).

*Tudor's Biscuit World of Am.,* 229 W. Va. at 401, 729 S.E.2d at 236.

Based upon the facts of this case, we find that the circuit court did not abuse its discretion in denying petitioner's motion to vacate default judgment. While petitioner sets forth eight assignments of error,[7] the essence of his appeal is that the circuit court erred by denying his motion to vacate default judgment, in part because the judgment was void due to lack of personal jurisdiction.

Petitioner's motion to set aside default judgment was filed pursuant to Rules 55(c)[8] and 60(b) of the West Virginia Rules of Civil Procedure, though his argument clearly focuses on Rule 60(b). Rule 60(b) provides, in relevant part, "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."[9] As we have previously set forth, "'[a] movant seeking relief under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure must show that the judgment sought to be vacated is void and that the motion to vacate the judgment was filed within a reasonable period of time.' Syl. Pt. 5, *Leslie Equipment Co. v. Wood Resources, Co., L.L.C.,* 224 W.Va. 530, 687 S.E.2d 109 (2009)." *Tudor's Biscuit World*, 229 W. Va. at 398, 729 S.E.2d at 233, Syl. Pt. 3.

---

[7] Petitioner's assignments of error were as follows: (1) The circuit court erred in holding that petitioner is collaterally estopped from arguing that the default judgment is void for lack of personal jurisdiction; (2) The circuit court erred in holding that the circuit court had personal jurisdiction over petitioner when entering the default judgment against him; (3) The circuit court erred in holding that the allegations in the complaint are sufficient to pierce the corporate veil and hold petitioner personally responsible for his company's actions; (4) The circuit court erred in holding that it is improper to determine whether to pierce the corporate veil on a motion to set aside a default judgment for lack of personal jurisdiction; (5) The circuit court erred in holding that if respondent cannot pierce the corporate veil on a motion to set aside a default judgment, the court can presume that respondent pierced the corporate veil and, thus, that there is personal jurisdiction over petitioner; (6) The circuit court erred in holding that a void judgment does not need to be set aside; (7) The circuit court erred in holding that motions to set aside a void judgment must comply with a timeliness requirement; and (8) The circuit court erred in holding that petitioner's motion to set aside the default judgment was not timely.

[8] Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

[9] Rule 60(b)(1)-(3) provides as follows: "(1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . ."

Upon our review of the record, we find that the circuit court did not abuse its discretion in finding that petitioner's motion was untimely. Petitioner was served through the West Virginia Secretary of State on or about June 27, 2019, and he does not dispute that service was completed. Petitioner chose not to respond in any way in the Circuit Court of Berkeley County until June 17, 2021, and during the hearing on his motion he did not testify or present evidence or argument of good cause for his failure to timely respond. Further, as this Court has found,

> "[i]n determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party." Syllabus point 3, in part, *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979).
> . . .
> In addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) . . . has been satisfied.

*Hardwood Group*, 219 W. Va. at 58, 631 S.E.2d at 616, Syl. Pts. 3 and 5. Additionally, respondent testified as to her belief that petitioner was acting as a principal officer of TOC at all relevant times, with decision-making authority, and that he was responsible for the actions of his agents on July 29, 2018, with regard to the fraudulent price increase alleged in the complaint. Thus, we find that petitioner has not satisfied his burden of showing that the judgment is void.

Petitioner argues that he had insufficient contacts with West Virginia to permit the exercise of personal jurisdiction over him. First, we note that petitioner failed to timely move to dismiss respondent's complaint, which was the proper time to argue this alleged lack of personal jurisdiction. However, we find that under the allegations in the complaint, petitioner had sufficient minimum contacts to establish personal jurisdiction in respondent's action. As we have found, "'[t]o what extent a nonresident defendant has minimum contacts with the forum state depends upon the facts of the individual case. One essential inquiry is whether the defendant has purposefully acted to obtain benefits or privileges in the forum state.' Syllabus point 3, *Pries v. Watt,* 186 W.Va. 49, 410 S.E.2d 285 (1991)." Syl. Pt. 2, *Easterling v. Am. Optical Corp.*, 207 W. Va. 123, 529 S.E.2d 588 (2000). Respondent alleged that petitioner had knowledge of and sanctioned the fraudulent business practices of TOC, which included demanding an increased price for the return of her belongings in West Virginia and personally contacting respondent in West Virginia to demand that respondent remove a negative online review in exchange for the provision of the insurance information that petitioner should have provided upon notification of the items damaged during the move. When respondent entered into a contract with TOC, of which petitioner was the sole member and officer, it was clear that her items were being moved to West Virginia, which was undoubtedly a purposeful act to obtain benefits or privileges in this state. Therefore, we find that the circuit court did not err in denying petitioner's motion to set aside default judgment against him.

                                                              Affirmed.

**ISSUED:**  October 17, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING:**

Chief Justice John A. Hutchison
Justice C. Haley Bunn

Hutchison, Chief Justice, dissenting, joined by Justice Bunn:

      I dissent to the majority's resolution of this case.  I would have set this case for oral argument to thoroughly address the error alleged in this appeal.  Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision.  Accordingly, I respectfully dissent.  I am authorized to state that Justice Bunn joins me in this dissent.