680 S.E.2d 95

**BUILDERS' SERVICE AND SUPPLY COMPANY, Plaintiff Below, Appellee,**

v.

**Christal M. DEMPSEY, a/k/a Christal M. Smith, and Clark Sinclair, Sheriff of Taylor County, West Virginia, Defendants and Third–Party Plaintiffs Below,**

v.

**Edward Charlton, d/b/a Charlton Construction, Third–Party Defendant Below, Appellee**

**Christal M. Dempsey Smith, Appellant.**

No. 34154.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 2009.

Decided June 22, 2009.

RaeLynn Regula, William C. Brewer, Brewer & Giggenbach, Morgantown, WV, for Appellant.

James M. Wilson, Amy Smith, Tiffany Swiger, Steptoe & Johnson, Clarksburg, WV, for Appellee, Builders Service & Supply.

**PER CURIAM:**

The instant action is before this Court upon the appeal of Christal M. Dempsey Smith [hereinafter "Appellant"], from a July 11, 2007, order entered by the Circuit Court of Taylor County denying the Appellant's Motion to Reconsider Order Denying Motion to Reinstate. Herein, the Appellant alleges that the circuit court erred when it denied the Appellant's motion because sufficient grounds, i.e. good cause, existed for the trial court to vacate its order. Conversely, Builders' Service and Supply Company [hereinafter "Appellee"] [1] alleges that the circuit court did not commit error when it denied the Appellant's motion because Appellant failed to articulate a clear reason under Rule 60(b) of the *West Virginia Rules of Civil Procedure* as to why Appellant was entitled to relief. This Court has before it the petition for appeal, all matters of record and the briefs and arguments of counsel. For the reasons expressed below, the July 11, 2007, order of the Circuit Court of Taylor County is affirmed.

### I.

### FACTUAL AND PROCEDURAL HISTORY

On or about May 15, 2002, Appellant entered into an oral contract with Edward Charlton d/b/a Charlton Construction, wherein Charlton Construction agreed to perform certain labor for the Appellant and furnish materials for the remodeling and construction of her home located in Taylor County, West Virginia. At some point thereafter, Mr. Charlton purchased certain building ma-

---

1. Where appropriate, Builders' Service and Supply Company will also be referred to as Builders' Service. The remaining Appellee, Edward Charlton d/b/a Charlton Construction, is represented *pro se* in this appeal, and has not filed an appearance nor a responsive pleading herein.

terials and supplies from Builders' Service [2] totaling $3,409.81 to make improvements to Appellant's property. However, Builders' Service was not paid for the materials.[3] On March 11, 2003, Builders' Service filed a mechanic's lien pursuant to W. Va.Code § 38-2-4 [4] against the Appellant's property with the Office of the Clerk of the County Commission of Taylor County, West Virginia. Thereafter, on August 5, 2003, Builders' Service initiated the instant action to enforce the perfected lien.

On September 16, 2003, Appellant filed an answer, counterclaim and third-party complaint against Edward Charlton d/b/a Charlton Construction.[5] For approximately one year thereafter, the parties engaged in discovery and filed amended pleadings. On October 6, 2004, Appellant's counsel, Charles E. Anderson, filed a Motion to Withdraw as Counsel. Mr. Anderson alleged in his motion that because there was a strong possibility that one of the witnesses for Builders' Service would be one of his former clients, he doubted whether he would be able to represent Appellant without her being prejudiced by his prior representation.[6] A hearing was held on the motion on November 4, 2004, and the motion was subsequently denied by order of November 15, 2004. No further activity was conducted in the case until January 17, 2006, when the circuit clerk issued a Notice of Intended Dismissal of Action Under Rule 41(b) [7] that informed the parties that their

**2.** Builders' Service is a West Virginia corporation with its principal place of business near Grafton, West Virginia. Builders' Service sells building supplies and materials.

**3.** The parties dispute whether Mr. Charlton had authority on behalf of Appellant to open an account at Builders' Service under Appellant's name. Appellant alleges that Mr. Charlton opened an unauthorized account at Builders' Service and began charging construction materials and other items, including personal items which were not used on her construction project, to the account. Appellant further alleges that Mr. Charlton never completed the construction project on her property, and the work that was completed was done in an unworkmanlike and unprofessional manner.

**4.** W. Va.Code § 38-2-4 (1917) provides that:

Every person, firm or corporation, which shall furnish to any general contractor or to any subcontractor mentioned in sections one and two of this article, any materials, machinery or other equipment or supplies necessary to the completion of any building or other structure mentioned in this article, or improvement appurtenant thereto, for use in the erection, construction, repair or removal thereof, by virtue of a contract between such general contractor or subcontractor and the materialman or furnisher of machinery, or other supplies or equipment necessary to the completion of such general contract, shall have such a lien for his compensation as is mentioned in section one of this article.

**5.** In addition to alleging that Builders' Service allowed Charlton Construction to charge materials without her authorization or consent, Appellant also alleges in her counterclaim that Builders' Service fraudulently induced her to pay $5,992.14 as payment in full of the balance of the unauthorized account. Appellant's third-party complaint against Charlton Construction alleges

that it failed to perform the contract to its completion. The third-party complaint also alleges that it committed fraud upon her by receiving monies from her to pay for construction supplies that were converted to its own use, charging materials in her name without her authorization, charging materials in her name that were not used in the construction on her property and charging materials in her name that were personal items any "reputable contractor would have for his construction business."

**6.** Though Mr. Anderson felt that there was a potential conflict, Appellant alleges that she did not believe that a conflict existed and she directed Mr. Anderson to continue his representation. Appellant alleges that she believed Mr. Anderson was continuing her representation in this matter following the circuit court's denial of his motion to withdraw. She also alleges that although Mr. Anderson never notified her that he would not continue to represent her after his motion to withdraw was denied, eventually her relationship with Mr. Anderson terminated and any activity in the matter ceased.

**7.** Rule 41(b) of the *West Virginia Rules of Civil Procedure* provides, in pertinent part:

[a]ny court in which is pending an action wherein for more than one year there has been no order or proceeding ... may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued.... The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may [be] entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

W.Va.R.Civ.P. 41(b) (1998).

respective claims would be dismissed unless they could demonstrate good cause for their delay in the prosecution. Neither party filed a motion to maintain the case on the docket showing good cause for the delay, and thus, the circuit court entered an order on February 17, 2006, dismissing the case for failure to engage in any proceeding for more than one year.[8]

One year later, on February 16, 2007, William C. Brewer entered a notice of appearance as counsel for Appellant, and filed a Motion to Reinstate. The circuit court denied Appellant's motion on March 21, 2007, finding that Appellant failed to demonstrate good cause to excuse her neglect in the prosecution of the case. In its reasoning, the circuit court took particular note of the fact that while the instant action remained inactive, Appellant filed an unrelated action before the circuit court on February 23, 2005, which the court also dismissed on December 7, 2006, as a result of inactivity under Rule 41(b) of the *West Virginia Rules of Civil Procedure.* Appellant did not appeal the March 21, 2007 order. Thereafter, Appellant filed a Motion to Reconsider Order Denying Motion to Reinstate on June 13, 2007, under Rule 60(b) of the *West Virginia Rules of Civil Procedure.* By order dated July 11, 2007, the circuit court denied the Rule 60(b) motion, finding that all matters had been taken into consideration in its previous orders entered in the case. It is from that order that Appellant now appeals.

## II.

### STANDARD OF REVIEW

■ The instant action is before this Court upon an appeal from the July 11, 2007, order entered by the circuit court denying the Appellant's Rule 60(b) motion, thereby refusing to provide relief from the prior dismissal of the Appellant's action under Rule 41(b). Before embarking upon analysis of this matter, this Court is compelled to emphasize once again that the West Virginia Rules of Civil Procedure do not explicitly recognize a "mo-

tion for reconsideration." As explained in *Richardson v. Kennedy,* 197 W.Va. 326, 475 S.E.2d 418 (1996), "[d]espite our repeated direction to the bench and bar of this State that a 'motion to reconsider' is not a properly titled pleading in West Virginia, it continues to be used." 197 W.Va. at 329, 475 S.E.2d at 421. Likewise, in *Savage v. Booth,* 196 W.Va. 65, 468 S.E.2d 318 (1996), this Court observed that "the West Virginia Rules of Civil Procedure do not recognize a 'motion for reconsideration.'" 196 W.Va. at 68, 468 S.E.2d at 321; *see also Moten v. Stump,* 220 W.Va. 652, 656, 648 S.E.2d 639, 643 (2007).

■ Consequently, when referring to the motion identified by the Appellant as a "motion to reconsider," we will refrain from using the improper nomenclature and identify the subject motion merely as the "Rule 60(b) motion." This Court has consistently held that a circuit court's decision to grant or deny a Rule 60(b) motion warrants deferential review by this Court. "A motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C. P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974); *see also Tolliver v. Maxey,* 218 W.Va. 419, 423, 624 S.E.2d 856, 860.

In *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970), this Court explained that "[w]here the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed." 154 W.Va. at 377, 175 S.E.2d at 457. Applying these standards of review to the instant appeal, we proceed to consider the parties' arguments.

## III.

### DISCUSSION

The Appellant contends that the circuit court erred by denying her Rule 60(b) mo-

---

8. Appellant alleges that she was not notified of the circuit court's intent to dismiss her case by her attorney. She claims that her attorney only notified her of the dismissal after the order was entered.

tion, filed June 13, 2007. The Appellant asserts she enumerated sufficient grounds in the Rule 60(b) motion for the trial court to vacate its prior March 21, 2007, denial of her motion to reinstate the cause of action. The Appellant further alleges that she experienced significant communication difficulties with her prior attorney, Mr. Anderson, and that she had believed that Mr. Anderson had been actively representing her throughout the period of inactivity. The Appellant asserts that she enumerated these difficulties in her motion to reinstate and that the circuit court had wrongfully denied her motion without holding a hearing on the matter, despite the fact that her new counsel had been in contact with the circuit court to inquire regarding a hearing date. The Appellant also alleges that the circuit court failed to provide adequate analysis of her Rule 41(b) motion and that no response had been filed by the Appellees demonstrating any prejudice resulting from a potential reinstatement. Those assertions, whether meritorious or otherwise, could have been properly included within an appeal to the March 21, 2007, circuit court order denying the Appellant's motion to reinstate. However, as noted above, the Appellant failed to appeal that denial and chose instead to file a Rule 60(b) motion seeking relief.

The Rule 60(b) motion further set forth that the Appellant's new counsel was representing her in several new personal injury cases, which were being actively pursued since counsel had been retained. Specifically, Appellant provided that she filed a personal injury suit, Civil Action No. 05–C–80 in Taylor County, to which Judge Moats was assigned, and which was dismissed pursuant to a settlement agreement. Additionally, Appellant informed the court that she had other matters pending in Monongalia and Marion Counties, which were being actively prosecuted. Appellant alleges that because the trial court called attention to another civil action of hers which had been dismissed for failure to prosecute, she informed the trial court that she had other matters pending and was actively prosecuting them in order to ensure the court that she was not in the habit of filing suit and not pursuing her claims.[9]

Conversely, Appellee initially asserts that this Court's review of the instant appeal is strictly limited to the order denying her Rule 60(b) motion because Appellant did not timely appeal the order denying her motion to reinstate. In considering the circuit court's order denying the Rule 60(b) motion, Appellee alleges that the circuit court did not commit error because Appellant failed to articulate a clear reason under Rule 60(b) as to why Appellant was entitled to relief.[10] In response to Appellant's argument that a hearing should have been conducted on her motion to reinstate before the court denied the same, Appellee asserts that the circuit court was not required to conduct a hearing prior to denying the motion because Appellant's motion did not request a hearing. Appellee asserts that the court provided proper notice to the litigants that the case was going to be dismissed for inactivity, and that the parties had adequate opportunity to be heard.

### A. Scope of Review

At the outset, we observe that while Appellant goes to some length in argu-

---

9. Appellant further asserts that good cause exists because she was involved in a motor vehicle accident on October 29, 2004, in which she sustained injuries for which she sought treatment during her period of inactivity. However, Appellant never presented this argument to the circuit court below. To the extent that said argument is now being presented for the first time on appeal, we decline to consider the same in assessing the merits of Appellant's arguments. We have continually held that issues not raised in the trial court and first raised on appeal are considered waived. *Roberts v. Stevens Clinic Hosp.*, 176 W.Va. 492, 499, 345 S.E.2d 791, 798–99 (1986); *Bell v. West*, 168 W.Va. 391, 397, 284 S.E.2d 885, 888 (1981). Even if we were to consider this argument, it is obvious that such accident did not render her unable to be a party to litigation or contact her attorney. Appellant admits that she filed three other civil actions during the period of inactivity in this case.

10. Appellee also asserts that even if this Court were to exceed the order appealed and consider the substance of the underlying claims and were to review the merits to determine whether Appellant presented good cause in her motion to reinstate, the circuit court still committed no error in denying her Rule 60(b) motion because Appellant failed to reasonably move her case forward to trial, as our law requires under *Dimon v. Mansy*, 198 W.Va. at 45–46, 479 S.E.2d at 344–45.

ing the merits of the circuit court's March 21, 2007, denial of her motion to reinstate, an appeal of that order is not properly before us. Our review on appeal is limited to Appellant's appeal of the circuit court's order denying her Rule 60(b) motion. We have traditionally held that "[a] motion made pursuant to Rule 60(b) of the *West Virginia Rules of Civil Procedure* does not toll the running of the appeal time." *Toler*, 157 W.Va. at 784, 204 S.E.2d at 89.[11] Rule 60(b) provides a remedy which exists concurrently with and independently of the remedy of appeal. *Parkway Fuel Serv. v. Pauley*, 159 W.Va. 216, 219, 220 S.E.2d 439, 441 (1975). An order denying a motion under Rule 60(b) is final and appealable. *Toler*, 157 W.Va. at 784, 204 S.E.2d at 89. Syllabus Point 3 of *Toler* explains that "[A]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Id.* at 778, 204 S.E.2d at 86.

Because Appellant failed to timely file an appeal from the circuit court's order denying her motion to reinstate entered on March 21, 2007, we limit our review to the circuit court's order denying her Rule 60(b) motion. Accordingly, we will not review the substantive matters underlying the circuit court's order denying her motion to reinstate. Rather, the scope of this Court's review strictly pertains to whether the circuit court abused its discretion when it denied Appellant's Rule 60(b) motion.

### B. Consideration of Rule 60(b) of the West Virginia Rules of Civil Procedure

In reviewing the circuit court's decision to deny Appellant's Rule 60(b) motion, we find no error on behalf of the circuit court. Rule 60(b) of the West Virginia Rules of Civil Procedure provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Unavoidable Cause; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

W. Va. R. Civ. P. 60(b). It is well established that a Rule 60(b) motion does not present a forum for the consideration of evidence which was available, but not offered at the original proceeding. *See Jividen v. Jividen*, 212 W.Va. 478, 575 S.E.2d 88 (2002). The rule is designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law. Franklin D. Cleckley, Robin Jean Davis & Louis J. Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 60(b), p. 1189 (3d ed. 2008). Where the motion is nothing more than a request that the court change its mind, it is not authorized by Rule 60(b). *Id.* A trial court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it. *Id.* In other words, a Rule 60(b) motion is simply not an opportunity to reargue facts and theories upon which a court has already ruled. *Kerner v. Affordable Living, Inc.*, 212 W.Va. 312, 315, 570 S.E.2d 571, 574 (2002); *Powderidge Unit Owners Ass'n v. Highland Props.*, 196 W.Va. 692, 706, 474 S.E.2d 872, 886 (1996). Stated another way, the basis for setting aside a judgment under the rule must be something that could not have been used to obtain a reversal by means of a direct appeal. *Liti-*

---

**11.** Rule 60(b) of the *West Virginia Rules of Civil Procedure* explicitly states, "A motion under this subdivision (b) does not affect the finality of a judgement or suspend its operation." W. Va. R. Civ. P. 60(b)(1998).

**86**

*gation Handbook,* § 60(b), p. 1189 *(citing Bell v. Eastman Kodak Co.,* 214 F.3d 798 (7th Cir.2000)).

Upon review of Appellant's Rule 60(b) motion, Appellant failed to clearly articulate which specific Rule 60(b) exception entitled her to relief from the circuit court's order denying her motion to reinstate. Appellant suggested that she was seeking relief from the circuit court's dismissal order pursuant to Rule 60(b), but she provided no explanation for why she was entitled to such relief. Appellant merely argued that she had retained counsel to pursue other personal injury cases in addition to the instant case, all of which were being actively pursued, and she alleged that she provided this information to reassure the court that she was not in the habit of filing suit and failing to pursue her claims. Appellant also argued that the circuit court should have conducted a hearing on her motion to reinstate prior to entering the order denying it.

In short, Appellant presented no actual evidence of mistake, inadvertence, excusable neglect, unavoidable cause, newly discovered evidence, or fraud, or any argument specifically explaining why she was entitled to relief under the rule's requirements. Rather, she attempted to argue that the basis for setting aside the order was the court's failure to conduct a hearing, an issue that could have been raised by means of a direct appeal. Because the circuit court was not provided with any new grounds under Rule 60(b) to consider, it appropriately denied her motion, finding that all matters had been taken into consideration by previous orders entered in the case, and there was no need for a hearing on the matter. Accordingly, we affirm the circuit court's order denying her Rule 60(b) motion.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the July 11, 2007, order of the Circuit Court of Taylor County.

**Affirmed.**