# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**David C., Petitioner Below,**
**Petitioner**

**vs) No. 15-0063** (Hancock County 11-C-66)

**Mallory M., Respondent Below,**
**Respondent**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David C., by counsel A. Courtenay Craig, appeals the Circuit Court of Hancock County's December 19, 2014, order denying his petition for appeal from the family court.[1] Respondent Mallory M., by counsel Christine Machel, filed a response. On appeal, petitioner alleges that the family court erred in denying his motion for relief from judgment upon erroneous findings of fact, without holding an evidentiary hearing, and without making sufficient findings for appellate review.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2010, the parties' son, W.C.-M. was born. The parents never married. Following mediation between the parents, they submitted a mediation agreement to the family court in June of 2011 regarding parenting allocations that was to expire in 2013. However, the family court never approved this parenting plan. A second shared parenting plan was submitted to the circuit court, approved, and entered in November of 2011. In October of 2013, petitioner filed a petition to modify the parenting plan. He filed an amended petition in November of 2013.

In April of 2014, the family court held a hearing on the petition to modify the parenting plan. Thereafter, by order entered on August 26, 2014, the family court entered a parenting plan that extended the summer parenting time for petitioner starting in 2016 when the child reaches school age and awarded attorney's fees to respondent. The order, however, denied petitioner's request to relocate the child to live with him in Huntington, West Virginia. The family court

---

[1]Because this case involves custody of a minor child, the parties will be referred to by their last initials and the child will be referred to by his initials only throughout this memorandum decision. This is in keeping with this Court's policy of protecting the identity of minors involved in custody matters.

based its order on the child's best interests, finding that the child was stable, healthy, and had a close relationship with respondent.

On September 25, 2014, petitioner filed a document entitled "Respondent's Notice of Intent to Appeal." However, no petition for appeal was filed at that time. On October 24, 2014, petitioner filed a motion for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure and a motion for an evidentiary hearing in the family court. The family court entered an order denying the motion for relief from judgment in November of 2014. On December 12, 2014, petitioner filed a document entitled "Legal Memorandum in Support of Petition for Appeal" in the circuit court. Several days later, the circuit court denied petitioner's appeal. In ruling on the petition for appeal, the circuit court found that petitioner "never filed a [p]etition for [a]ppeal that complies with the requirements of Rule 28(c) of the Rules of Practice and Procedure for Family Court . . . ." Despite the fact that petitioner's appeal was never properly filed, the circuit court nonetheless addressed petitioner's assignments of error on appeal that concerned only the denial of his motion for relief from judgment. It is from the order denying his appeal that petitioner appeals.

To begin, it is important to note that petitioner's motion for relief from judgment in the family court and his appeal to the circuit court suffered from several procedural deficiencies. To begin, his motion for relief from judgment made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure was improper, in that West Virginia Code § 51-2A-10(a) provides that a party to a family court proceeding may seek a reconsideration of an order for a list of reasons almost identical to that set forth in Rule 60(b). Second, as the circuit court pointed out, petitioner failed to file an appeal to the circuit court that complied with the applicable rules governing such appeals. Despite these procedural deficiencies, the circuit court ultimately applied a standard of review applicable to appeals of Rule 60(b) motions. As such, we review petitioner's appeal under the following standard of review:

> "A motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.
> P., is addressed to the sound discretion of the court and the court's ruling on such
> motion will not be disturbed on appeal unless there is a showing of an abuse of
> such discretion." Syllabus Point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d
> 85 (1974).

Syl. Pt. 1, *Builders' Serv. and Supply Co. v. Dempsey*, 224 W.Va. 80, 680 S.E.2d 95 (2009). Moreover, in addressing such appeals, we have held that "'[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.' Syllabus Point 3, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." *Id.* at 80, 680 S.E.2d at 96, syl. pt. 2.

On appeal to this Court, petitioner reasserts his claims that the family court erred in denying his motion for relief from the judgment without first holding an evidentiary hearing, upon erroneous findings, and without making sufficient findings for appellate review. Additionally, petitioner alleges that the circuit court erred in denying his petition for appeal because it had an insufficient basis for the denial upon the family court's order and that by relying on the underlying facts, the circuit court "opened up the facts behind the [f]amily

[c]ourt's denial" of his motion. The Court, however, does not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner's appeal because he simply attempted to relitigate the underlying issues before the family court in consideration of its final order, which he failed to appeal. Our review shows that what petitioner alleges were mistakes and fraud in the family court's final order were, simply, findings of fact with which petitioner did not agree. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's December 19, 2014, "Final Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 23, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

IN RE : MARRIAGE

DAVID        C,            )

        Petitioner,

v.                                        Civil Action No: 11-C-66

                                          Appeal from Joyce D. Chernenko,
                                          Judge of the Family Court of
                                          Hancock County

    MALLORY M

        Respondent.

## FINAL ORDER

The above-styled matter is before the Court on the Petitioner, David

C    's Petition for Appeal from a Order entered on November 14, 2014  by Joyce D.

Chernenko, Judge of the Family Court of Hancock County, West Virginia that

denied his Motion for Reconsideration.

. On the 23rd April, 2014 the Family Court conducted a hearing on the

Petitioner's Amended Petition to Modify Visitation/Parenting Plan.  The Family

Court through its Order dated 26th day of August, 2014  entered a parenting plan

that extended the summer parenting time for the Petitioner starting in 2016 when

the child reached school age and awarded attorney fees to the Respondent.

On September 25, 2014 the Petitioner filed a document entitled

"Respondent's Notice of Intent to Appeal," however, no Petition for Appeal was filed

at that time.  On October 24, 2014, the Petitioner filed a Motion for Relief from

Judgment under West Virginia Rules of Civil Procedure 60(B)(1), (3) and (6) and

Motion for Evidentiary Hearing Regarding the Same. On October 29, 2014, the Respondent filed a Motion to Dismiss the Notice of Intent to Appeal and Dismiss the Petitioner's Motion for Relief of Judgment because the pleading was untimely filed. On November 5, 2014, the Petitioner filed her response to the Motion to Dismiss. On November 14, 2014 the Family Court entered an Order that Denied the Motion for Relief of Judgment and found that the Family Court had no jurisdiction to rule on a Motion to Dismiss the Notice of Intent to Appeal. On December 12, 2014, the Petitioner filed a document entitled "Legal Memorandum in Support of Petition for Appeal."

Pursuant to West Virginia Code § 51-2A-11 "Within thirty days following the entry of a final order of a family court judge ... any party may file a petition for appeal with the circuit court." Rule 28(a) of the Rules of Practice and Procedure for Family Court states that "[i]f a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration."

The Petition for Appeal or Motion for Reconsideration in this matter was required to be filed by October 2, 2014. The Petitioner filed the Motion for Relief from Judgment on October 24, 2014 and has never filed a Petition for Appeal that complies with the requirements of Rule 28 (c) of the Rules of Practice and Procedure for Family Court that states "[t]he petition for appeal shall be prepared in the same or substantially similar form as that set forth in Appendix A of these rules." Further, Rule 32 of the Rules of Practice and Procedure for Family Court

permits this Court to extend the time to file the appeal or allow the appeal to be filed untimely, by no more than ten (10) days, if a written motion is filed. The Petitioner has not filed with this court a written motion to extend the deadline.

The Family Court denied the Motion for Relief from Judgment on November 14, 2014. Thereafter, on December 12, 2014 the Petitioner filed a "Legal Memorandum in Support of Petition for Appeal" which sets forth two points of error 1) that the Family Court abused its discretion in denying the Rule 60(b) motion because it was untimely filed, failed to hold an evidentiary hearing and the Order did not contain a sufficient basis for appellate review and 2) the Court abused its discretion in denying the rule 60(b) motion because it was clearly erroneous about several findings of fact made in the original Final Order.

The Petitioner erroneously filed her Motion as a 60(b) motion[1]. This Court points out that the Family Court Rules provide for a Motion for Reconsideration under West Virginia Code §51-2A-10 which states:

> (a) Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or

---

[1] [A]s a result of the enactment of W. Va.Code § 51-2A-10(a), Rule 60(b) is no longer the appropriate procedure for challenging a final domestic relations order prior to the expiration of the appeal period. This is because the grounds for relief under W. Va.Code § 51-2A-10(a) are almost identical to those contained in Rule 60(b). Ray v. Ray, 216 W. Va. 11, 15, 602 S.E.2d 454, 458 (2004) overruled by Allen v. Allen, 226 W. Va. 384, 701 S.E.2d 106 (2009)

(5) any other reason justifying relief from the operation of the order.

The provisions of §51-2A-10 (a)(1)-(3)are almost verbatim to that of Rule 60(b) of the West Virginia Rules of Civil Procedure, so this Court finds as instructive the cases that have interpreted the application of that Rule.

The West Virginia Supreme Court has found that the appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order, therefore, the scope of this Court's review is limited with whether the Family Court abused is discretion when it denied the Motion to Reconsider. See, <u>Toler v. Shelton</u>, 157 W. Va. 778, 784, 204 S.E.2d 85, 89 (1974).

Where the motion is nothing more than a request that the court change its mind, it is not authorized by Rule 60(b) . *See, Kerner v. Affordable Living, Inc.,* 212 W.Va. 312, 315, 570 S.E.2d 571, 574 (2002); *Powderidge Unit Owners Ass'n v. Highland Props.,* 196 W.Va. 692, 706, 474 S.E.2d 872, 886 (1996). The Family Court is not required to grant a motion to reconsider or hold an evidentiary hearing under West Virginia Code §51-2A-10. The Petitioner has not set forth any basis for the motion except to reargue facts and theories upon which the Family Court has already ruled. Because the Petitioner has failed to demonstrate a basis for the Family Court to grant a Motion to Reconsider the Family Court's denial of the Motion was not an abuse of discretion

**THERFORE IT IS** accordingly,

**ORDERED** that the Petition for Appeal of the Denial of the Motion to Reconsider is **DENIED** and the matter shall be removed from the docket of this Court.

Motions for reconsideration of this Order or renewal of a Petition for Appeal is not permitted. See *Rule 30(b) of The West Virginia Rules of Practice and Procedure for Family Court.* However, Petitioner may seek review of this Court's Order by the West Virginia Supreme Court of Appeals. West Virginia Code § 51-2A-15(b).

Copies of this Order have been forwarded from this office to: Family Law Judge Joyce D. Chernenko, A. Courtney Craig, Esq., 621 6th Avenue, Huntington, WV 25701; Christine Machel, Esq., 800 Main Street, Wellsburg, WV 26070.

ENTER this 17 day of December, 2014:

Ronald E. Wilson, Judge