# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dale Anthony Campbell
and Shatika Marie Campbell,
Defendants Below, Petitioner**

vs) **No. 16-0306** (Wayne County 15-C-014)

**Annette Schoew,
Plaintiff Below, Respondent**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Dale Anthony Campbell and Shatika Marie Campbell, by counsel J. William St. Clair, appeals the Circuit Court of Wayne County's March 2, 2016, order denying their "motion for reconsideration" of an order granting summary judgment to respondent.[1] Respondent Annette Schoew, by counsel Matthew L. Ward, filed a response in support of the circuit court's March 2, 2016, order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, respondent filed a complaint in the Circuit Court of Wayne County seeking the removal of petitioners' double-wide trailer from the Twin Valley Estates subdivision. In her complaint, respondent alleged that petitioners acquired a lot (Lot 33) in the subdivision in December of 2014 and immediately placed a double-wide trailer or "modular home" on the lot as a residence. Respondent further alleged that placing a double-wide trailer in the subdivision violated "a certain number of restrictive covenants" governing petitioners' lot. In their answer to the complaint, petitioners generally denied violating any restrictive covenants and argued that their structure was permanent.[2] From February to May of 2015, the parties engaged in discovery.

---

[1] With regard to "motions for reconsideration" in civil cases, we have explained that "[a] 'motion to reconsider' is not recognized under our Rules of Civil Procedure." Syl. Pt. 3, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W.Va. 235, 786 S.E.2d 594 (2015).

[2] It is unclear when, or if, petitioners filed an answer below. While the parties claim that petitioners filed their initial answer on February 27, 2015, there is no entry on the docketing

(continued . . . )

On May 21, 2015, petitioners' attorneys moved to withdraw as counsel. On May 29, 2015, respondent filed a motion for summary judgment arguing that petitioners' trailer violated two restrictive covenants applicable to their property: (1) the covenant providing that "[n]o structure of a temporary character, trailer, tent, garage, basement or outbuilding shall be used as [sic] any time as a residence"; and (2) the covenant providing that "[n]o residence building shall be constructed on such lot with its main front wall closer than twenty-five (25) feet to the front lot line on which same [sic] faces, nor with any part thereof closer than five (5) feet to any side lot line."

In July of 2015, following a hearing, the circuit court granted the motion by petitioners' attorneys to withdraw from the case. The circuit court granted petitioners thirty days to find new counsel. In early October of 2015, petitioners, pro se, filed a written response to respondent's summary judgment motion.[3]

On October 26, 2015, the circuit court held a final hearing on respondent's motion for summary judgment. At the final hearing, respondent submitted a survey of the relevant lots of the subdivision that showed petitioners' trailer located within 1.47 feet of Lot 33's side lot line. Respondent argued that the survey clearly demonstrated a violation of the five-foot setback covenant. Respondent further argued that petitioners' trailer was a temporary structure that had been towed to the lot on axles and wheels.

As to the five-foot setback claim, petitioners argued that other dwellings in the subdivision were built within five feet of a side lot line, but the circuit court denied petitioners' request to admit photographs of those other dwellings as irrelevant. Petitioners further argued that their adjoining neighbor agreed to grant them an easement of a portion of the adjoining lot, which would extend their usable property beyond five feet of their trailer. As to the temporary-structure claim, petitioners admitted to the manner in which the trailer arrived at the property, but they maintained that the trailer was made permanent by attaching it to a permanent foundation. Petitioners also asserted that they had applied to have the title to the trailer canceled by the county clerk and reclassified from personal property to real estate. Moreover, petitioners claimed that the restrictive covenants were abandoned and/or waived and did not apply to their lot.[4]

---

sheet for an initial answer, and there is no time-stamped copy of an answer included in the appendix record.

[3] Petitioners' response to the motion for summary judgment is not included in the record on appeal.

[4] Petitioners offered the testimony of Clint Maynard to support their claim, but the circuit court found his testimony inadmissible as both irrelevant and insufficient to create a disputed material fact.

By order entered on November 8, 2015, the circuit court granted respondent's motion for summary judgment. In so doing, the circuit court found that the restrictive covenants at issue applied to petitioners' property; that petitioners' trailer was built only 1.47 feet from Lot 33's side lot line in violation of the five-foot setback restriction, which could not be cured by an easement from the adjoining neighbor (mother to one of the petitioners); and that petitioners' trailer was temporary in nature and could not be made permanent by placing it on a permanent foundation. Consequently, the circuit court ordered petitioners to remove the trailer by May 1, 2016.

On February 8, 2016, petitioners filed a "motion for reconsideration."[5] On February 24, 2016, the circuit court held a hearing on the motion. Petitioners, by counsel, asked the circuit court to reconsider its ruling that their structure was temporary. Further, petitioners argued that they had obtained newly discovered evidence in the form of a quitclaim deed dated February 4, 2016, from the adjoining landowner for a small piece of property extending their boundary line beyond five feet from their trailer. Petitioners argued that the deed cured their violation of the five-foot setback covenant. In response, respondent argued the motion should be denied because it lacked factual and legal merit. Respondent maintained that petitioners violated both restrictive covenants. Respondent also claimed that the "motion for reconsideration" was untimely because it was not filed in the same term of court as the order under review.

By order entered on March 2, 2016, the circuit court denied petitioners' "motion for reconsideration." Initially, the circuit court noted that the "motion for reconsideration" was timely filed because it was, in fact, filed in the same term of court as the order under review. As to the merits, the circuit court found that petitioners' quitclaim deed did not alter the five-foot setback violation because the trailer remained within five feet of a "side lot line" as that phrase was used in the restrictive covenant. The circuit court explained that allowing property owners to adjust their boundary and lot lines could frustrate the expectations of other property owners in the subdivision. Further, as to the temporary nature of the trailer, the circuit court acknowledged that the trailer's axles and wheels were removed; that it was placed on a permanent block foundation; that the title was canceled; and that the county would thereafter assess it as real property. However, the circuit court also found that the trailer was towed to the property on axles and wheels. As such, the circuit court found that the trailer was of a temporary character and denied petitioners' invitation to alter its prior ruling. This appeal followed.[6]

---

[5] It appears that petitioners obtained new counsel by February of 2016. However, it is unclear whether that counsel filed the "motion for reconsideration" because that motion is not included in the record on appeal. As reflected in the circuit court's March 2, 2016, order, petitioners filed a motion for summary judgment with their "motion for reconsideration" in February of 2016. The circuit court found petitioners' motion for summary judgment to be untimely filed.

[6] The parties dispute the scope of appellate review in this case, and, consequently, they dispute the applicable standard of review. Petitioners argue that their appeal includes a review of the November 8, 2015, order granting summary judgment and that a de novo standard of review applies. Respondent, on the other hand, asserts that this Court's review is limited to the March 2,

(continued . . . )

With regard to Rule 60(b) motions, we have held that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the

2016, order denying petitioners' "motion for reconsideration," for which an abuse-of-discretion standard applies. At the heart of the dispute is whether Rule 60(b) of the West Virginia Rules of Civil Procedure applies to petitioners' "motion for reconsideration." Respondent argues that petitioners' "motion for reconsideration" falls under Rule 60(b), and, therefore, it did not renew or toll the appeal period of the November 8, 2015, order. Under respondent's argument, petitioners' failed to timely appeal the November 8, 2015, order and cannot do so in the instant appeal. Petitioners counter that their motion did not fall under Rule 60(b) because they did not expressly invoke Rule 60(b) in their motion. In support of their argument, petitioners contend that this Court can review both orders based on our holding in *Asset Acceptance, LLC, v. Grove*, No. 14-1265, 2015 WL 6143368 (W.Va. Oct. 16, 2015) (memorandum decision). In *Asset Acceptance*, this Court considered the jurisdiction of a circuit court to sua sponte alter a prior order before the end of the term of court in which the prior order was entered. We find that the facts and procedural posture of the instant case are wholly distinguishable from those of *Asset Acceptance*.

Having reviewed the parties' arguments, the record on appeal, and pertinent legal authority, we agree with respondent that petitioners' motion falls under Rule 60(b). In this case, it is undisputed that the summary judgment order was entered on November 8, 2015, and petitioners did not file their "motion for reconsideration" until February 8, 2016. *See* Syl. Pt. 2, in part, *Malone v. Potomac Highlands Airport Authority*, 237 W.Va. 235, 786 S.E.2d 594 (2015) (holding that "[i]f the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b)") (internal citation omitted). Notably, if the motion falls under Rule 60(b), then the filing of the motion does not toll the appeal period for the underlying final judgment. This Court has explained that "a motion made pursuant to Rule 60 does not toll the running of the appeal time[.]" *Toler v. Shelton*, 157 W.Va. 778, 783, 204 S.E.2d 85, 88 (1974). *See Builders' Service and Supply Co. v. Dempsey*, 224 W.Va. 80, 85,680 S.E.2d 95, 100 (2009) (stating that "Rule 60(b) provides a remedy which exists concurrently with and independently of the remedy of appeal" (internal citation omitted)); Syl. Pt. 5, *Burton v. Burton*, 223 W.Va. 191, 672 S.E.2d 327 (2008) (holding that "'[a] motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled and does not toll the four[-]month appeal period for appeal to this court.") (internal citation omitted). Because petitioner's motion falls under Rule 60(b) and the instant appeal arises solely from the denial of that motion, our appellate review is limited the circuit court's March 2, 2016, order denying the Rule 60(b) motion. Therefore, the standard of review for Rule 60(b) motions is applied here.

Further, while petitioners' "motion for reconsideration" was not designated as a Rule 60(b) motion below and was not analyzed as such, we have explained that "[i]t is permissible for us to affirm the granting of [dismissal] on bases different or grounds other than those relied upon by the circuit court." *Gentry v. Mangum*, 195 W.Va. 512, 519, 466 S.E.2d 171, 178 (1995).

4

substance supporting the underlying judgment nor the final judgment order." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86, syl. pt. 3. Further, "[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." *Id*. at 778, 204 S.E.2d at 86, syl. pt. 5.

On appeal, petitioners first argue that the circuit court erred in finding that their double-wide trailer was "of a temporary character," in violation of a restrictive covenant prohibiting the use of a structure of a temporary character as a residence. Rule 60(b) provides, in pertinent part, as follows:

> Mistakes; Inadvertence; Excusable Neglect; Unavoidable Cause; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

We find that petitioners' Rule 60(b) motion was properly denied on the issue of whether the circuit court correctly found in its prior order that the trailer was a temporary structure. We have held that a Rule 60(b) motion "is simply not an opportunity to reargue facts and theories upon which a court has already ruled. . . . [T]he basis for setting aside a judgment under the rule must be something that could not have been used to obtain a reversal by means of a direct appeal." *Dempsey*, 224 W.Va. at 85, 680 S.E.2d at 100. Petitioner offered no argument that the circuit court's ruling was based on mistake, inadvertence, surprise, etc., or that new evidence or any other reason unavailable on direct appeal demanded a different result. For that reason, we find no error in the circuit court's denial of petitioners' Rule 60(b) motion based on their renewed arguments that the trailer was not a temporary structure.

Next, petitioners argue that the circuit court erred in finding that their acquisition of a quitclaim deed to a portion of the adjoining lot did not cure the five-foot setback violation. Petitioners further argue that the deed constituted newly discovered evidence. Respondent counters that the circuit court's order properly applies the language of the restrictive covenant at issue. Respondent notes that the restrictive covenant prohibits a structure within five feet of "any side *lot* line." Respondent argues that, at best, petitioners' deed created a new *property* line, not a new lot line as envisioned by the original drafters. The circuit court agreed with respondent and found that "allowing adjoining property owners to adjust their boundary and lot lines between themselves could frustrate the expectations of the owners of other lots within the subdivision in regards to the enforcement of the relevant covenants." On review, this Court finds no abuse of discretion in the circuit court's finding that petitioners' could not move their "lot line" by the

acquisition of a portion of the adjoining lot and that to do so would not meet the language of the covenant. Further, it is apparent from the record on appeal that the lot lines remained despite the acquisition of a portion of the adjoining lot. At the February 24, 2016, hearing, petitioners' counsel still referred to his client's new property using the lot line divisions, referring to it as "a sliver of property between their adjoining lots, lots 33 and 32." As such, it was not established that petitioners could, or in fact did, move the applicable "lot lines" by  acquiring adjoining land.

For the foregoing reasons, the circuit court's March 2, 2016, order is hereby affirmed.

Affirmed.

**ISSUED:**  April 10, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker