# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Cameron Brown,**
**Plaintiff Below, Petitioner**

**vs)  No. 17-0176** (Wayne County 16-C-106)

**Grayson Assisted Living, Inc.,**
**Defendant Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Cameron Brown, by counsel Timothy P. Rosinsky, appeals the Circuit Court of Wayne County's January 23, 2017, order denying his "motion for reconsideration" of the circuit court's dismissal of his complaint. Respondent Grayson Assisted Living, Inc., by counsel Amy C. Crossan, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court incorrectly interpreted the Wage Payment and Collection Act (the "Act"), West Virginia Code §§ 21-5-1 to -18, in granting respondent's motion to dismiss and failed to consider his entitlement to attorney's fees in denying his "motion for reconsideration" of that dismissal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, petitioner, a former employee of respondent, filed suit against respondent asserting a claim under the Act. Respondent filed a "Motion to Dismiss for Failure to State a Claim or for Judgment on the Pleadings." Respondent argued that petitioner could not recover a judgment under any set of facts because he pled in his complaint that he had recovered all unpaid wages and liquidated damages due under the Act. Respondent further argued that attorney's fees could not be awarded. Under the express terms of the Act, attorney's fees may be assessed "in the event that any judgment is awarded to the plaintiff or plaintiffs[.]" W.Va. Code § 21-5-12(b). Respondent argued that because petitioner was fully paid, he could not be awarded a judgment, and attorney's fees were therefore unavailable.

A hearing was held on respondent's motion in September of 2016. The circuit court found that, because petitioner was paid the disputed amount plus liquidated damages prior to the filing of the lawsuit, "there was no justiciable issue left unresolved" when petitioner filed his complaint. By "Opinion Order" entered on October 3, 2016, the circuit court granted respondent's motion and dismissed petitioner's complaint.

1

Over one month after the entry of the "Opinion Order," petitioner filed a "Motion for Reconsideration" ("Rule 60(b) motion").[1] Petitioner sought reconsideration of the dismissal on the ground that the Act's "fee shifting" provision would be "rendered meaningless by an employer's proffer of wages [at any stage of the proceeding before a jury verdict is announced and an award is made]." Respondent urged denial of petitioner's motion because petitioner failed to designate a rule pursuant to which he was moving the court and because he merely reargued the facts and theories upon which the circuit court already ruled. Petitioner, therefore, filed an "Amended Response" wherein he set forth that West Virginia Rule of Civil Procedure 60(b)(6) supplied the basis for his motion.[2] Petitioner argued that a justiciable controversy remained because attorney's fees were recoverable under the Act but were not paid.

The circuit court found that petitioner failed to satisfy any reason enumerated within Rule 60(b) of the West Virginia Rules of Civil Procedure to justify relief from the court's order granting respondent's motion to dismiss. The circuit court further found that petitioner failed to produce new evidence or arguments that were not already considered during the briefing and argument on respondent's motion to dismiss. These rulings were memorialized in the circuit court's "Order Denying [Petitioner's] Motion for Reconsideration" entered on January 23, 2017. It is from this order that petitioner appeals.

We have previously held that "[i]n reviewing an order denying a motion under Rule 60(b), W.Va. R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." Syl. Pt. 4, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Additionally, "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." *Toler*, 175 W.Va. at 778, 204 S.E.2d at 86, Syl. Pt. 5.

---

[1]As we have repeatedly noted, the West Virginia Rules of Civil Procedure do not explicitly authorize a "motion for reconsideration." *See Builders' Serv. & Supply Co. v. Dempsey*, 224 W.Va. 80, 83, 680 S.E.2d 95, 98 (2009). Accordingly, we will use the correct terminology in referring to petitioner's motion. *See also* Syl. Pt. 2, in part, *Law v. Monongahela Power Co.*, 210 W.Va. 549, 558 S.E.2d 349 (2001) (citation omitted) ("A motion which would otherwise qualify as a Rule 59(e) motion [to alter or amend a judgment] that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled[.]")

[2]Rule 60(b)(6) of the West Virginia Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."

On appeal, petitioner advances two arguments. Petitioner's first argument is that the circuit court erred in granting respondent's motion to dismiss because it incorrectly interpreted the Act and failed to adopt the facts as pled in the complaint. Petitioner, however, failed to timely appeal the circuit court's dismissal of his complaint. Accordingly, we decline to address arguments relative to the dismissal of petitioner's complaint.[3] Indeed, the "Scheduling Order" entered in this matter makes clear that "[t]he only assignments of error considered on appeal will be those arising from the January 23, 2017, order." Therefore, the only assignments of error that will be considered on appeal are those arising from the denial of petitioner's Rule 60(b) motion.

Petitioner's second assignment of error concerns the denial of his Rule 60(b) motion. Petitioner contends that his motion should have been granted due to the circuit court's failure to consider petitioner's entitlement to attorney's fees.

Petitioner's Rule 60(b) motion urged the circuit court to reconsider its ruling due to its failure to find that petitioner was entitled to attorney's fees. These same arguments were advanced by petitioner in response to respondent's motion to dismiss his complaint. "Where the motion is nothing more than a request that the court change its mind, it is not authorized by Rule 60(b)." *Dempsey*, 224 W.Va. at 85, 680 S.E.2d at 100 (citation omitted). "In other words, a Rule 60(b) motion is simply not an opportunity to reargue facts and theories upon which a court has already ruled." *Dempsey*, 224 W.Va. at 85, 680 S.E.2d at 100 (citations omitted). Because petitioner's Rule 60(b) motion simply reargued his purported entitlement to attorney's fees, we find no abuse of discretion in the circuit court's finding that petitioner "failed to produce any new evidence or arguments that were not already considered" or its denial of his Rule 60(b) motion.

For the foregoing reasons, the circuit court's January 23, 2017, order denying petitioner's Rule 60(b) motion is hereby affirmed.

Affirmed.

**ISSUED:** January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]"A motion made pursuant to Rule 60(b), W.Va. R.C.P., does not toll the running of the appeal time[.]" Syl. Pt. 1, in part, *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86. Further, "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86, Syl. Pt. 3.