**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Brandon S.,
Petitioner Below, Petitioner

**v.) No. 23-375** (Hardy County CC-16-2019-C-30)

Jonathan Frame, Superintendent,
Mt. Olive Correctional Complex and Jail,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Brandon S. appeals the Circuit Court of Hardy County's June 8, 2023, order denying his request for the appointment of counsel and for relief from the circuit court's earlier order denying his petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court failed to adequately address his claims, that he was denied due process in a prior habeas proceeding, and that he received ineffective assistance of trial counsel. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Following his entry into a plea agreement to resolve numerous charges of various sexual offenses and one count of obstructing a law enforcement officer, the petitioner pled guilty to and was convicted of two counts of sexual abuse by a custodian. The circuit court sentenced him to an effective term of not less than twenty nor more than forty years of incarceration following those convictions. The petitioner filed a direct appeal with this Court, arguing that the circuit court erred in ordering consecutive, rather than concurrent, sentences, where certain allegedly mitigating factors were present. *See State v. Brandon S.*, No. 18-0606, 2020 WL 1231634 (W. Va. Mar. 13, 2020) (memorandum decision). We affirmed the circuit court's sentencing order. *Id.* at *3. The petitioner later filed a petition for a writ of habeas corpus in the circuit court, which the circuit court denied. The petitioner appealed that denial to this Court, arguing that the circuit court erred in denying his petition without holding an omnibus evidentiary hearing on his ineffective assistance of counsel claim. *See Brandon S. v. Ames*, No. 21-0395, 2022 WL 3905121 (W. Va.

---

[1] The petitioner is self-represented. The respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Euva D. May. When the petitioner initiated the proceedings below, he named a prior superintendent of Mt. Olive Correctional Complex and Jail as respondent. The current superintendent of that facility has been substituted under Rule 41(c) of the West Virginia Rules of Appellate Procedure. We use initials where necessary to protect the identities of those involved in this case. W. Va. R. Civ. P. 40(e).

1

Aug. 30, 2022) (memorandum decision). The petitioner claimed that if his trial counsel had stood silent about a defective indictment, he would have gone to trial under the original indictment and not have accepted the plea agreement. *Id.* at *2. We affirmed, finding that the circuit court was "sufficiently acquainted with the circumstances that preceded the entry of [the petitioner's] guilty plea" and that the petitioner had "failed to persuade us that his counsel was ineffective in acknowledging an apparently clerical error." *Id.* at *1-*2.

On July 10, 2023, after this Court affirmed the denial of habeas relief, the petitioner filed a motion for relief of judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the circuit court. The petitioner argued that he was entitled to relief from the circuit court's order denying him habeas relief because, due to the circuit court's resolution of his habeas claims without holding a hearing, his case "was not ripe for appeal," and habeas counsel should have filed a post-judgment motion in circuit court following the denial of habeas relief "to allow further factual development." The petitioner contended that habeas counsel's actions constituted "attorney abandonment," which he further claimed provided sufficient justification for relieving the petitioner from operation of the circuit court's order denying habeas relief. *See* W. Va. R. Civ. P. 60(b)(6) (providing that a court may relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment"). The petitioner then identified three claims in need of factual development: (1) ineffective assistance of trial counsel at sentencing due to counsel's alleged failure to present sufficient mitigating evidence to support concurrent sentences; (2) ineffective assistance of trial counsel where counsel informed the State of the defective indictment "and then [did] not object to it"; and (3) cumulative error. The petitioner also asserted that the denial of the opportunity to factually develop his claims results in a procedural bar to federal review of his habeas claims. He requested the appointment of counsel, that "the instant case be re-opened," and that counsel be directed to investigate his claims.

The circuit court denied the petitioner's Rule 60(b) motion. The circuit court noted that the grounds the petitioner sought to develop factually were fully adjudicated or waived in the petitioner's prior habeas proceeding and that the petitioner had not asserted any grounds upon which he could be granted habeas relief in a successive petition.

The petitioner now appeals from the circuit court's June 8, 2023, order denying his Rule 60(b) motion, and our review of the court's order is for an abuse of discretion. *See* Syl. Pt. 2, *Yurish v. Sinclair Broad. Grp., Inc.*, 246 W. Va. 91, 866 S.E.2d 156 (2021) (holding that a circuit court's ruling on a Rule 60(b) motion "will not be disturbed on appeal unless there is a showing of an abuse of discretion"). Further, "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974).

On appeal to this Court, the petitioner raises three assignments of error. First, he claims error in the circuit court's failure to address the claims he raised in his Rule 60(b) motion. He argues that because the circuit court did not hold an omnibus evidentiary hearing in his habeas proceeding, the circuit court erred in resolving his Rule 60(b) motion on the basis of res judicata or waiver. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) (holding, generally, that a judgment denying habeas relief is res judicate on issues raised and on those that

2

could have been raised "where there has been an omnibus habeas corpus hearing"). Second, he claims cumulative error, arguing that he did not have an omnibus evidentiary hearing, the ability to question witnesses or to testify, and that he was not advised of his obligation to raise all claims in his habeas proceeding. Third and finally, the petitioner argues that his trial counsel failed to put on mitigating evidence at sentencing.

Rule 60(b) of the West Virginia Rules of Civil Procedure allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for certain specified reasons and, of relevance here, "any other reason justifying relief from the operation of the judgment." W. Va. R. Civ. P. 60(b)(6). But Rule 60(b) "is designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law," and "[w]here the motion is nothing more than a request that the court change its mind, it is not authorized by Rule 60(b)." *Builders' Serv. & Supply Co. v. Dempsey*, 224 W. Va. 80, 85, 680 S.E.2d 95, 100 (2009) (citation omitted). The circuit court did not err in denying the petitioner's Rule 60(b) motion because he failed to identify any "special circumstances" demonstrating entitlement to relief from the circuit court's order denying his habeas petition. Rather, the petitioner merely sought to relitigate issues surrounding his entitlement to a hearing in his habeas proceeding and the circuit court's imposition of consecutive sentences. "[A] Rule 60(b) motion is simply not an opportunity to reargue facts and theories upon which a court has already ruled." *Dempsey*, 224 W. Va. at 85, 680 S.E.2d at 100 (citation omitted). Moreover, this Court has already affirmed the circuit court's imposition of consecutive sentences where the court heard the "mitigating" factors the petitioner continues to identify. *See Brandon S.*, 2020 WL 1231634, at *1, *3. This Court has also affirmed the circuit court's denial of habeas relief without holding a hearing. *See Brandon S.*, 2022 WL 3905121, at *1-*2.

> The law of the case doctrine "generally prohibits reconsideration of issues which have been decided in a prior appeal in the same case, provided that there has been no material changes in the facts since the prior appeal, such issues may not be relitigated in the trial court or re-examined in a second appeal."

*State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 808, 591 S.E.2d 728, 734 (2003) (quoting 5 Am. Jur.2d *Appellate Review* § 605 at 300 (1995)). Inasmuch as the petitioner's claimed bases for relief from judgment have been previously addressed by the circuit court and this Court, the circuit court did not abuse its discretion in denying his Rule 60(b) motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 10, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

3